**OLD REPUBLIC INSURANCE COMPANY, Appellant,**

v.

**Gregorio M. DIAZ, Appellee.**

**No. 08–87–00258–CV.**

Court of Appeals of Texas, El Paso.

March 16, 1988.

Rehearing Denied April 13, 1988.

Jack Brewster, Brewster and Mayhall, El Paso, for appellant.

Robert Earp, Gordon Stewart, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a judgment for partial and permanent disability in a workers' compensation case. Claimant suffered his accident on March 19, 1985. Both sides appeal portions of the judgment.

Claimant pled that his average weekly wage or that of another employee of the same class in the same or similar employment, working at least 210 days in the year preceding the accident was $520.85, or more. This was not denied under oath. Tex.R.Civ.P. 93(13) provides:

> In the trial of any case appealed to the court from the Industrial Accident Board the following, if pleaded, shall be presumed to be true as pleaded and have been done and filed in legal time and manner, unless denied by verified pleadings:

. . . . .

> (h) wage rate.

The carrier claims that evidence was introduced over invalid objection contrary to the pled wage rate, and therefore any presumption was waived. It contends an issue should have been submitted to the jury because when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Tex.R.Civ.P. 67. As the very last act before resting, the carrier introduced a document from the claimant's employer indicating wages earned over a six-week period averaged less than the claimant's pled average weekly wage. Claimant objected on the grounds of no foundation and misleading, stating that the claimant worked less than five days a week in some of the weeks. The objection was overruled.

■ It does not appear from the record, as a whole, that the parties tried the unpled issue. The general rule of trying an issue with implied consent should be applied with care and in no event in a doubtful situation. *Jay Fikes And Associates v. Walton,* 578 S.W.2d 885 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

■ Although there was evidence that the Claimant worked less than the 210 days in the year preceding the injury, there was no evidence contradicting the allegation of the $520.85 to be the average weekly wage of another employee of the same class in the same or similar employment, working at least 210 days in the year preceding the injury as provided for in Tex.Rev.Civ.Stat.

Ann. art. 8309, sec. 1(2). The presumption then remains intact.

█ The carrier claims error in that the pleading of wage rate did not state it was based upon Tex.Rev.Civ.Stat.Ann. arts. 8309, sec. 1(1), 8309, sec. 1(2) or 8309, sec. 1(3) (Vernon 1967). No special exception was made. The court would be presumed to know the statutory basis, and it need not be specifically pled. 2 R. McDonald, Texas Civil Practice sec. 5.09.2, at 24 (1982).

█ Carrier now objects to the issue submitted to the jury, set out as follows:

4c. Find GREGORIO DIAZ's average weekly earning capacity during partial incapacity. (By stating in dollars and cents)

ANSWER: $203.00

It claims that because there was no issue to determine the average weekly wage before the injury submitted, there is no figure to subtract the $203.00 from as required by Tex.Rev.Civ.Stat.Ann. art. 8309, sec. 1.

If there was a stipulated average weekly wage before the injury declared before the jury, the issue submitted was proper. *Texas Employers' Insurance Association v. Lara*, 711 S.W.2d 224 (Tex.1986). A "stipulation" is an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys, respecting some matter incident thereto. 73 Am. Jur.2d *Stipulations* sec. 1, at 536 (1974).

Claimant stated in open court before the jury the average weekly wage was $520.85 or more per week, and that this was uncontested. No denial was made. It was an offering of an agreed point of evidence. The carrier's silence was an implied concession to that point of evidence.

█ Lastly surfacing in this broad Point of Error No. One which is interwoven with Point of Error No. Two, is whether an objection was necessary to the trial court in regards to the form of the issue submitted in order for the carrier to now complain. The essence of the complaint is that the issue of average weekly wage should have been submitted to the jury. No request for or objection to its absence was made.

Therefore, any failure of submission could not be grounds for reversal. Tex.R.Civ.P. 278; *Morris v. Holt*, 714 S.W.2d 311 (Tex. 1986).

Points of Error Nos. One and Two are overruled.

The carrier's Points of Error Nos. Three through Five pertain to no evidence or in the alternative, insufficient evidence, to support the jury's finding that the accident of March 19, 1985 was a producing cause of partial and permanent disability. In considering "no evidence" legal insufficiency points, we consider only the evidence which tends to support the jury's findings and disregard all evidence and inferences to the contrary. A no evidence point must be sustained if there is a complete absence or no more than a scintilla of evidence which supports the verdict. *McKnight v. Hill & Hill Exterminators*, 689 S.W.2d 206 (Tex. 1985). A factual insufficiency point requires us to examine all the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 244 S.W.2d 660 (Tex.1951). The reviewing court cannot substitute its conclusions for those of the jury. If there is sufficient competent evidence of probative force to support the findings, it must be sustained. *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ). It is not within the province of the court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Benoit v. Wilson*, 239 S.W.2d 792 (Tex.1951). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947); *Clark v. National Life & Accident Ins. Co.*, 145 Tex. 575, 200 S.W.2d 820 (1947).

█ The claimant testified to the date of the accident and injury. The record is replete with treatment and diagnosis of several physicians, culminating in a prognosis by one of retention of twenty percent phys-

ical impairment to the body as a whole, and a fifteen percent impairment to the right knee. Various percentages of impairment were prognosticated by others. The carrier suggests that the recommendation of work-related activity by three physicians, and a diagnosis of degenerative disc disease and degenerative osteoarthritis by one, invalidates the other cumulative evidence by the great weight and preponderance of this evidence. We disagree. Points of Error Nos. Three through Five are overruled.

■ Claimant complains of the trial court's award of $6,573.44 credit for prior payments to the claimant for weekly compensation benefits. The evidence was as follows:

Q: Okay. But am I correct in saying you did receive approximately $203.00 from our company for 32 weeks in '85, at some point in time?

A: I received some money, sir, but I don't recall the amount or weeks.

Q: Okay. Well, would you have any strong objection to saying that it was 32 weeks you received that? I mean, do you have anything else to say that it was not 32 weeks, if the evidence shows that?

A: No, sir.

Q: Okay, in other words, you did receive something and as far as $203.00, is that correct, a week?

A: Yes, sir.

A similar case was decided in *Texas Employers' Ins. Ass'n. v. Edwards*, 59 S.W.2d 885 (Tex.Civ.App.—El Paso 1933, no writ). After claimant testified he has received some payments, it was incumbent upon the carrier to go further with the evidence and show the amount received as an affirmative defense. It was impossible for the trial court to determine the amount. Claimant's Cross–Point of Error No. One is sustained.

Claimant also asks for damages under Tex.R.App.P. 84. He contends the carrier appealed for the purpose of delay and without sufficient cause. His request is denied.

Judgment of the trial court is reversed in part, and the credit of $6,573.44 is denied to the carrier. In all other respects, the judgment is affirmed.