**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,**
Appellant,

v.

**Dennis K. WYAR, Appellee.**

**No. 01–90–01054–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 21, 1991.

Rehearing Granted in Part and
Denied in Part Jan. 2, 1992.

Otto D. Hewitt, Alvin, for appellant.

Gary L. McConnell, Angleton, for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

COHEN, Justice.

Appellee, Dennis K. Wyar, won a workers' compensation award from the Industrial Accident Board (I.A.B.). Appellant, National Union Fire Insurance Company (National), sued in the district court to set aside the I.A.B. ruling. The trial court granted Wyar a directed verdict on liability and submitted a damages issue to the jury. Based on the directed verdict and the jury verdict, the trial court rendered judgment for Wyar.

■ In its first and second points of error, National asserts Wyar's pleadings do not support the judgment because Wyar pleaded for "medical expenses unpaid" and "past due" compensation, but the court awarded judgment for all medical expenses and other benefits, including amounts already paid. National contends this resulted in a double recovery for Wyar.

Wyar pled he was entitled to "receive benefits not exceeding the maximum weekly benefit for the maximum number of weeks" prescribed by law, and he prayed for benefits compensation "at the maximum rate for the maximum number of weeks prescribed by Texas workers' compensation law." National did not file special exceptions. Consequently, we must construe Wyar's pleading liberally in his favor. *Roark v. Allen*, 633 S.W.2d 804, 809, 810 (Tex.1982). Under that standard, Wyar's pleading gave fair notice of the claim. Tex.R.Civ.P. 45.

National's first and second points of error are overruled.

In its third point of error, National asserts the trial court erred in not allowing it to call Wyar as a witness. The trial court sustained Wyar's objection that National could not use him as a witness because National did not designate Wyar as a witness in response to interrogatories. National did not name Wyar in response to Wyar's interrogatory requesting names of persons with knowledge "of any facts relevant to the incident made the basis of this suit."

■ Failure to respond to a proper interrogatory generally results in the exclusion of the unidentified person's testimony. *E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363, 364 (Tex.1987). The unidentified witness may testify only if the offering party proves good cause for failing to identify him. *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 671 (Tex.1990). The burden of establishing good cause is on the party offering the evidence, and good cause must be shown in the record. *Id.;* Tex.R.Civ.P. 215(5). National presented no evidence of good cause for failing to list Wyar.

National relies on *NCL Studs, Inc. v. Jandl*, 792 S.W.2d 182, 186 (Tex.App.—Houston [1st Dist.] 1990, writ denied), and *Henry S. Miller Co. v. Bynum*, 797 S.W.2d 51, 57 (Tex.App.—Houston [1st Dist.] 1990, writ granted). In both cases, the trial judges found good cause to let the unidentified witness testify. This Court held the trial judges did not abuse their discretion in finding good cause under the facts of those cases. *Miller*, 797 S.W.2d at 58; *Jandl*, 792 S.W.2d at 186. In *Jandl*, we reviewed each of the trial judge's six reasons for finding good cause and held that five did not constitute good cause. The only good cause we found in *Jandl* was that the unidentified witness was a party to the case. *Id.* This case differs from *Miller* and *Jandl* in two respects. In those cases, the party called himself to testify, and the opposite party objected. Here, National called Wyar, the adverse party, to testify, and Wyar objected to his own testimony, not to that of some opposing party. Moreover, the *Miller* and *Jandl* decisions upheld the trial judge's discretion. National asks us to hold that the trial judge here abused his discretion.

■ We find the trial court abused its discretion under these particular facts.

Wyar testified as a fact witness concerning the amount of a liquidated offset, i.e., the amount of money National already paid him. The factors in *Miller* that distinguished it from *Sharp v. Broadway National Bank*, 784 S.W.2d 669, 670 (Tex. 1990), are also present here. *Miller*, 797 S.W.2d at 58. Moreover, the troublesome problems foreseen by Justice O'Connor in her *Miller* dissent are not present here. *Id.* at 63 n. 11. This is not a case of multiple parties, where each might claim a right to call one unidentified witness, nor is it a case where a corporation might call any of its many unidentified agents. *Id.* In such a case, a trial judge might not abuse his discretion by excluding the testimony of an unidentified party. Thus, we do not hold that every party in every case can always present its fact testimony without naming itself in answer to discovery.[1] Here, we have only one party plaintiff and that plaintiff is an individual. Under these circumstances, we hold that he should have been allowed to testify. In *Gee v. Liberty Mutual Fire Insurance Co.*, 765 S.W.2d 394, 395 n. 2 (Tex.1989), the supreme court said that, although lack of surprise is not "the standard," it may be "a factor" for the trial court to consider when weighing whether good cause exists for allowing the testimony of an undisclosed witness. Wyar could not have been surprised by his own testimony that he received $217 per week from the time of the injury until the month before trial. Under these unique facts, lack of surprise is a compelling factor favoring admission of the testimony.

Rule 1 provides that the purpose of the rules of civil procedure is to obtain a fair, just, and equitable adjudication of rights under established principles of substantive law. Tex.R.Civ.P. 1. That will not occur here unless we sustain this point of error. Overruling this point would deny National an offset for $49,693 that Wyar admitted he received. See point four below.

Point of error three is sustained.

In its fourth point of error, National contends Wyar's bill of exception testimony established, as a matter of law, National's right to a credit because he admitted receiving $49,693 in disability payments. Thus, National contends the trial court should have reformed the judgment to grant such a credit.

Wyar was injured on January 29, 1986. In his bill of exception testimony, he admitted receiving checks for $217 every week "since the injury," without interruption, "at least through June (1990)." National correctly states that the period from February 1, 1986 through June 30, 1990 constitutes 229 weeks, which, when multiplied by $217.00 = $49,693.00. Relying on *Old Republic Insurance Co. v. Diaz*, 750 S.W.2d 807, 810 (Tex.App.—El Paso 1988, writ denied), Wyar contends his testimony was not specific enough to establish the amount he received. We disagree. Wyar's testimony was more definite than that in *Diaz*. It furnishes the basis for an arithmetical calculation that supports the amount of National's claimed credit. Wyar's testimony conclusively established such payments; therefore, National should receive that credit.

Wyar contends National was not entitled to question him about the payments because National did not plead payment, an affirmative defense, as required by Tex. R.Civ.P. 94. We disagree. The trial court granted National leave to file a trial amendment, and its previously filed first amended original answer, which specifically pleaded payment, was allowed to serve as that trial amendment.

Wyar contends the trial judge correctly excluded his testimony because National had not designated him in response to interrogatories. We have held, in sustaining point of error three, that the trial judge erred in this respect. Consequently, we sustain point of error four.

---

1. Relying on Tex.R.Civ.P. 181, National contends that, as one court has stated, "a party to a suit may always examine the opposing party as a witness." *See E-Z Mart Stores, Inc. v. Terry*, 794 S.W.2d 63, 65 (Tex.App.—Texarkana 1990, writ

denied). We need not go that far here. We hold only that, under these facts, the trial court abused its discretion in excluding Wyar's testimony. See discussion of points of error five through seven below.

In point of error five, National contends the trial court abused its discretion in not permitting Diane Johnson to testify about payments to Wyar because National failed to designate her as a person with knowledge of relevant facts. In point of error six, National contends Johnson's testimony established, as a matter of law, National's right to a credit of $87,440.00 for benefits paid to Wyar before trial. In point of error seven, National contends the trial court abused its discretion in refusing to consider Johnson's testimony because good cause existed "for presenting such testimony."

Diane Johnson testified out of the jury's presence that she was employed by American International Adjustment Company as a litigation specialist and was the custodian of records showing National's payments to Wyar. She testified National had paid Wyar and his medical expense creditors more than $87,000.00. Like Wyar's testimony, National did not seek to present Johnson's testimony to the jury, only to the judge. The judge sustained the objection to Johnson's testimony because National had not identified Johnson in response to interrogatories.

National first contends that it did not have to designate Johnson because the interrogatory asked the names of persons "who have knowledge of any facts relevant to the incident made the basis of this suit," and Johnson was not such a person. National concedes that Johnson knew facts relevant to a major issue in the lawsuit, but National denies she had knowledge of "facts relevant to the *incident* made the basis of this suit." (Emphasis added.) National cites no authority supporting this contention. Moreover, it did not present this contention to the trial judge.

The relevant interrogatory also instructed National to state whether it possessed any written statement, report, or memorandum from "any person, whether identified in [this interrogatory] or not," and to identify the statement, its contents, and its maker. National did not object to this interrogatory and did not disclose Johnson's identity in response to it. We hold the trial court did not abuse its discretion in concluding that Johnson was within the terms of the interrogatory. *See Jamail v. Anchor Mktg. Serv. Inc.*, 809 S.W.2d 221, 223 (Tex.1991).

■ National next contends that under Tex.R.Civ.P. 215(5), a records custodian, like Johnson, is not a person with knowledge of relevant facts. The sole authority for this argument is *Tinkle v. Henderson*, 777 S.W.2d 537, 540 (Tex.App.—Tyler 1989, writ denied). For several reasons, *Tinkle* is not persuasive. First, the entire discussion of this subject in *Tinkle* consists of a single sentence stating it is "doubtful" that records custodians are within the terms of rule 215. *Id.* No authority is cited for that conclusion. Second, the statement is dicta. The court did not overrule the point of error in *Tinkle* because rule 215 does not apply to records custodians, but because any error was harmless. *Id.* We need not decide, however, whether records custodians are, as a matter of law, not covered by rule 215 because Johnson's testimony shows she was not a mere records custodian. She claimed personal knowledge of payments to Wyar and of reasons for not making certain payments. She was not offered solely as a records custodian, but as a "litigation specialist."

■ National next contends that Johnson did not have to be designated because she was a party to the suit. Johnson was not a named party to the suit, and the record does not show that she worked for National. She testified she worked as a "litigation specialist" for American International Adjustment Company and was "involved" in the payment of Wyar's claims. She was not a designated corporate representative and was not the person who answered interrogatories. This distinguishes this case from *E–Z Mart Stores, Inc.* on which National relies. National also relies on *Jandl* and *Miller* for the proposition that parties are always exempt from the requirements of rule 215. As we have stated, neither case held that. Both cases simply held that, under those facts, the trial judges did not abuse their discretion in finding good cause to allow the testimony. Allowing a witness like Johnson to testify

as a party would implicate the very concerns Justice O'Connor mentioned in her *Miller* dissent. 797 S.W.2d at 63 n. 11. We overrule this contention.

■ Finally, National contends the trial court abused its discretion in refusing to consider Johnson's testimony because good cause existed "for presenting such testimony." The party offering the testimony has the burden of showing good cause for its failure to supplement. *Sharp*, 784 S.W.2d at 671. National did not attempt to show good cause in the trial court for failure to supplement. It cites no evidence of good cause that it presented to the trial court. Its argument on appeal is that good cause existed because it needed to present the evidence in order to prevent Wyar's unjust enrichment. That is not a showing of good cause for failure to supplement. *Id.* Therefore, it does not meet the requirements of *Sharp*.

Points of error five, six, and seven are overruled.

In its eighth point of error, National complains the trial court abused its discretion in refusing to withdraw National's deemed admissions because good cause existed for their withdrawal.

National's responses to request for admissions were due on November 28, 1988. After that time, the admissions were deemed true. TEX.R.CIV.P. 169. Responses were served on November 29, 1988, one day late. National admits it knew in November 1988 that the admissions were late. Despite this knowledge, National did not move to withdraw the deemed admissions until July 9, 1990, the day of trial. An unrecorded hearing was held at 1:00 p.m., and the motion was denied. Voir dire commenced 15 minutes later.

■ To avoid the consequences of late admissions, legal or equitable excuse must be shown. *Eckman v. Centennial Sav. Bank*, 757 S.W.2d 392, 396 (Tex.App.—Dallas 1988, writ denied). The trial court has broad discretion to withdraw or amend answers to admissions. *Id.* Abuse of discretion results when a trial court acts without reference to guiding principles or in an

arbitrary and unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985). The burden is on National to present a record requiring reversal. TEX.R.APP.P. 50(d).

■ There is no record of the hearing on National's motion to withdraw. Without a statement of facts, National cannot show the trial judge abused his discretion.

The eighth point of error is overruled.

In points of error nine and ten, National contends the trial court erred in granting Wyar's motion for directed verdict and in granting judgment for Wyar because there was legally insufficient evidence to support the directed verdict, and both legally and factually insufficient evidence to support the jury verdict.

The deemed admissions proved that Wyar "sustained an injury on January 26, 1986, while in the course and scope of his employment for employer...." and that "Wyar suffered total and permanent incapacity as that term is defined in the Workers' Compensation law as a result of an injury sustained on January 29, 1986, while working for employer...." National makes four distinct contentions.

■ National first contends no evidence supported the trial court's directed verdict that Wyar's medical care was necessary to treat the effects of the January 29, 1986 injury. We overrule this point of error because, despite the directed verdict, the jury was required to find that Wyar's medical care was necessary to treat his injury. Jury question number one inquired, "What is the amount of medical care reasonably required by Dennis K. Wyar as a result of his injury?" The jury was instructed that "injury" means damage or harm to the physical structure of the body and such diseases or infections as naturally result from such damage or harm. The jury was further instructed that an employee was entitled to receive medical care "reasonably required at the time of the injury and at any time thereafter to cure and relieve the effects that naturally result from the injury." Thus, the trial court's directed verdict did not deprive National of a jury trial on

this issue. National was not harmed. TEX. R.APP.P. 81(b)(1).

■ National next contends the directed verdict was erroneous because Wyar did not prove as a matter of law that his injury was a producing cause of total incapacity. National acknowledges the deemed admission that Wyar suffered total and permanent incapacity as a result of the injury. National contends, however, that this deemed finding cannot support the directed verdict because there was also another deemed finding that Wyar suffered partial permanent incapacity as a result of the same injury. National contends this created a fact issue. We disagree. The deemed admissions of both total and partial incapacity simply put Wyar to an election of which recovery he desired. *See Archuleta v. Int'l. Ins. Co.*, 667 S.W.2d 120, 122 (Tex.1984). Of course, Wyar elected the greater recovery, total and permanent.

■ National next contends that directed verdict was erroneous because Wyar did not establish as a matter of law the beginning date of his permanent incapacity. We overrule this contention. Uncontroverted testimony from Wyar and hospital records proved that Wyar was hospitalized for 15 days immediately after the injury. The deemed admissions established that he sustained total and permanent incapacity as a result of the injury of January 29, 1986. National points to no evidence to the contrary. We consider this evidence conclusive. Moreover, National has neither argued nor demonstrated that any failure to establish the beginning date of permanent incapacity probably caused the rendition of an improper judgment. TEX.R.APP.P. 81(b)(1).

■ National finally contends that the order granting the directed verdict erroneously stated that the evidence established as a matter of law that National was not entitled to any offset. Any such error is harmless. Wyar did not have to prove National was not entitled to an offset. National had the burden to prove it was entitled to an offset. TEX.R.CIV.P. 94. National's only evidence of offset came from Wyar and Johnson. We have held that

Johnson's testimony was correctly excluded. We have granted the offset established by Wyar's testimony. Thus, National has now received all relief to which it was entitled. TEX.R.APP.P. 81(b)(1).

Points of error nine and ten are overruled.

In its eleventh point of error, National asserts there was no evidence or insufficient evidence to support the judgment or the jury's finding that Wyar incurred $57,-070.47 in medical expenses.

■ To recover medical expenses, a claimant must prove the charges incurred were "reasonable and necessary." *Select Ins. Co. v. Patton*, 506 S.W.2d 677, 688 (Tex.App.—Amarillo 1974, writ ref'd n.r.e.). An affidavit may serve as "sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable and necessary." TEX.CIV.PRAC. & REM. CODE ANN. § 18.001(b) (Vernon Supp. 1991). Wyar filed such an affidavit. National did not file controverting affidavits. In deemed admissions, National admitted Wyar was totally and permanently disabled by an injury he suffered in the course and scope of his employment. Hospital bills introduced into evidence are sufficient to support an award of past medical expenses. *Six Flags Over Texas, Inc. v. Parker*, 759 S.W.2d 758, 761 (Tex.App.—Fort Worth 1988, no writ). The admitted facts and uncontroverted affidavits present legally and factually sufficient evidence to support the judgment and the jury's finding of past medical expense.

The tenth and eleventh points of error are overruled.

In a cross-point of error, Wyar contends we should reform the judgment to allow him post-judgment interest.

■ Post-judgment interest is recoverable even if the judgment does not mention it. *Golden v. Murphy*, 611 S.W.2d 914, 916 (Tex.Civ.App.—Houston [14th Dist.] 1988, no writ). It is mandated by statute. TEX. REV.STAT.ANN. art. 5069-1.05, § 2 (Vernon Supp.1991). To avoid any dispute, we reform the judgment and award Wyar post-

judgment interest. *See Crenshaw v. Swenson*, 611 S.W.2d 886, 892 (Tex.Civ. App.—Austin 1980, writ ref'd n.r.e.).

Wyar's cross-point of error is sustained.

We reform the judgment as follows: 1) the sum of eighty-nine thousand four hundred thirty-one and 90/100 dollars ($89,431.90) awarded as benefits for total and permanent incapacity to Wyar is reduced to the sum of thirty-nine thousand seven hundred thirty-eight and 90/100 dollars ($39,738.90), reflecting the credit of $49,693.00 to which National is entitled; 2) the attorney's fee of thirty-six thousand six hundred twenty-five and 59/100 dollars ($36,625.59) is reduced to the sum of nine thousand nine hundred thirty-four and 73/100 dollars ($9,934.73), the same being twenty-five percent (25%) of the amount awarded Wyar as herein reformed; and 3) the judgment shall earn postjudgment interest at the rate of ten percent (10%) from July 26, 1990.

## OPINION ON MOTIONS FOR REHEARING

Wyar and National have both moved for rehearing.

In Wyar's fifth point of error on rehearing, he contends we erred in reforming the award of attorney's fees because we failed to consider the trial court's additional award of $57,070.47 in medical care benefits to Wyar. We agree.

The trial court awarded attorney's fees equal to 25% of the total judgment ($89,431.90 as benefits for total and permanent incapacity + $57,070.47 for medical care = $146,502.37 × .25 = $36,625.59 attorney's fees). As a result of our judgment, the total award has been reduced by a credit of $49,693.00, reflecting a new total judgment of $96,809.37. ($146,502.37 − $49,693.00 = $96,809.37). Wyar contends he is entitled to an attorney's fee of 25% of that reformed amount, i.e., 25% of $96,809.37, a total of $24,202.34.

National's response to Wyar's motion for rehearing contains responses to three of Wyar's other points of error on rehearing, but does not contest, or even mention, Wyar's point five regarding attorney's fees.

We sustain Wyar's point of error five on rehearing. The judgment is reformed to reflect an attorney's fee award of $24,202.34, which is 25% of the damages awarded in the reformed judgment.

All other relief sought in Wyar's motion for rehearing is denied.

National contends the trial court erroneously granted a judgment in excess of the prayer because Wyar prayed for "medical expenses unpaid," but the judgment granted no credit for any payments by National. We disagree.

Wyar's pleadings did not admit that National had paid any medical benefits. On the contrary, Wyar's pleadings stated National had refused to pay his medical expenses. The prayer sought general relief and "any medical expenses unpaid." This is the opposite of an admitted credit. It is a claim for affirmative relief. It was National's burden to prove payment. Tex. R.Civ.P. 94. Nothing in Wyar's pleadings admitted payment, relieved National of its burden to prove that affirmative defense, or required Wyar to prove the amount of any payments by National. Consequently, the judgment is not in excess of the pleadings.

We overrule National's motion for rehearing.

We deny National's motion for rehearing.