**Ronald L. WHEELIS and Sally A. Wheelis, Appellants,**

v.

**FIRST CITY, TEXAS–NORTHEAST, Appellee.**

No. B14–92–00155–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 18, 1993.

Rehearing Denied April 29, 1993.

Dissenting Opinion of Justice Bowers on Denial of Rehearing April 29, 1993.

Lawrence Cerf, Houston, for appellants.

Marcus J. Hill, John Adams, Houston, for appellee.

Before SEARS, DRAUGHN and BOWERS, JJ.

OPINION

SEARS, Justice.

This is an appeal from a summary judgment. First City sued Ronald and Sally Wheelis, as guarantors, for a deficiency on two promissory notes. First City served the Wheelises with requests for admissions and interrogatories, and the Appellants failed to respond. On November 17, 1991, First City moved for summary judgment. On December 5, 1991, Appellants filed and served their Motion to Set Aside Deemed

Admissions, their late responses to the requests for admissions, responses to interrogatories, and their response to the summary judgment. A hearing was held on December 13, 1991, in which the Court heard and denied the motion to set aside the deemed admissions and denied the request for extension of time to answer the interrogatories. The Court granted summary judgment for First City.

In one point of error, Appellant complains that the trial court erred in failing to set aside the deemed admissions, and in not granting leave to file late answers to the requests for admissions and the interrogatories. We affirm.

 The standard for reviewing a trial court's discovery rulings is abuse of discretion. *Crime Control, Inc. v. RMH–Oxford Joint Venture*, 712 S.W.2d 550, 552 (Tex. App.—Houston [14th Dist.] 1986, no writ). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985) *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The burden is on the Appellants to present a record sufficient to demonstrate an abuse of discretion. TEX.R.APP.P. 50(d); *National Union Fire Ins. Co. v. Wyar*, 821 S.W.2d 291, 296 (Tex.App.—Houston [1st Dist.] 1991, no writ).

Appellants have not filed in this Court the record of the December 13, 1991 hearing on the motion to withdraw the deemed admissions and the interrogatories. Without a statement of facts from that hearing, this Court cannot determine if the trial court abused its discretion. *Wyar* at 296. We overrule Appellants' sole point of error.

The judgment is affirmed.

## ON MOTION FOR REHEARING

Motion for rehearing denied.

## DISSENTING OPINION ON MOTION FOR REHEARING

BOWERS, Justice.

I dissent and would grant the motion for rehearing. According to the trial court

order denying appellants' Motion to Set Aside Deemed Admissions, the basis for the court's denial was "having read and considered the Defendants' Motions and Exhibits."

The Supreme Court has said that sanctions should be imposed only to the extent needed for compliance. *TransAmerican Natural Gas v. Powell*, 811 S.W.2d 913 (Tex.1991). Appellants answered the interrogatories and request for admissions before the trial court denied appellants' motion and granted appellee's request for summary judgment. Irrespective of the reasons the trial court had for denying the motion, the court's denial was a clear violation of the guidelines set forth in *TransAmerican*.