Kennedy v. Skeens 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-259-CV

     MICHAEL A. KENNEDY,
                                                                                              Appellant
     v.

     GLENN SKEENS,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 26,379
                                                                                                    

O P I N I O N
                                                                                                    

      Michael A. Kennedy, a prison inmate at the Hughes Unit in Gatesville, brought a pro se
action in forma pauperis against Glenn R. Skeen, an employee of the Texas Department of
Criminal Justice, Insitutional Division (TDCJ-ID). After a trial on the merits, the trial court
entered a directed verdict against Kennedy and in favor of Skeen. We affirm.
      Because a statement of facts is not before the court, we outline the facts as stated in Kennedy's
petition. Kennedy's allegation arose out of an incident on November 28, 1990, when Skeen and
other prison officers removed Kennedy from the prison's dayroom. The incident involved a
"major use of force." After Kennedy received treatment at the prison's infirmary, Skeen and the
other prison officers escorted him to his cell. Kennedy was ordered to lie "flat on his stomach"
while his handcuffs and leg irons were removed. Next, Kennedy was ordered to remain lying on
the floor until the "use of force team" exited his cell. Kennedy alleges that, although he did not
attempt to move or raise up, Skeen re-entered Kennedy's cell and assaulted him with "no
justification." Kennedy's complaint against Skeen alleges causes of action for assault, battery, and
a violation of his civil rights under 42 U.S.C. section 1983. Skeen answered through the Attorney
General of Texas and denied all allegations.
      The case was set for trial October 20, 1993. On that date, Skeen appeared in person and
through his attorney and announced ready for trial. Kennedy appeared pro se and requested a
continuance because his witness had not been subpoened and was not present. The trial court
granted Kennedy a one-week continuance and issued orders that his witness, Michael Johnson,
appear.
      In the trial of the case on October 27, Kennedy called his witness, Michael Johnson, and many
of the TDCJ-ID staff. Kennedy did not testify nor did he call Skeen as an adverse witness. At
trial, a videotape that Kennedy offered was not admitted into evidence. Kennedy then rested his
case. Skeen moved for a directed verdict, which the trial court granted. 
      Kennedy brings eight points which can be summarized as: (1) the trial court abused its
discretion in entering a directed verdict because the officers' inconsistent testimony bolstered
Kennedy's claims of assault, battery, and civil rights violations, and (2) the trial court abused its
discretion by improperly denying the introduction of the videotape into evidence.
      Rule 50(d) states: "The burden is on the appellant, or other party seeking review, to see that
a sufficient record is presented to show error requiring reversal." Tex. R. App. P. 50(d). We
note that Kennedy filed a Request for Indigent Records of Statement of Facts and Pleadings on
December 2, 1993. However, Kennedy has not filed the record from the trial held on October 27,
1993. The burden is on Kennedy to present a record sufficient to demonstrate an abuse of
discretion. See id.; National Union Fire Ins. Co. v. Wyar, 821 S.W.2d 291, 296 (Tex. App.-Houston [1st Dist.] 1991, no writ). Without a statement of facts Kennedy cannot show, nor can
this court determine, whether the trial court abused its discretion. See Wyar, 821 S.W.2d at 296. 
Further, in the absence of a statement of facts, every presumption must be indulged in favor of the
trial court's findings and judgment. Stum v. Stum, 845 S.W.2d 407, 416 (Tex. App-Fort Worth
1992, no writ). Thus, without a complete statement of facts, this court must presume that the trial
court did not err in granting a directed verdict against Kennedy and in favor of Skeen or in
refusing to admit the videotape into evidence.
      We overrule the points and affirm the judgment.
 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 13, 1994
Do not publish