**Opinion issued August 21, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-01162-CV

———————————

**SHEREN NGUYEN, Appellant**

**V.**

**LIJUN ZHANG, Appellee**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-38340**

---

## MEMORANDUM OPINION

Appellant, Sheren Nguyen, challenges the trial court's judgment, entered after a jury awarded her damages of $300 for past medical expenses, in her suit for negligence against appellee, Lijun Zhang. In two issues, Nguyen contends that the

evidence is factually insufficient to support the jury's award of damages and the trial court erred in "permitting violations of its order on [her] motion in limine."

We affirm.

## Background

In her petition, Nguyen alleged that on March 14, 2008, as she was "traveling in a parking lot," Zhang "suddenly reversed" her automobile, causing it to collide with the side of Nguyen's automobile. Nguyen asserted that as a result of Zhang's negligence, she incurred $6,344.91 in medical expenses. In her answer, Zhang generally denied the allegations and asserted that Nguyen's damages were the result of pre-existing or subsequent injuries or conditions.

Before trial, Nguyen filed a motion in limine, requesting that Zhang not be permitted to "make any mention" or reference, either directly or indirectly, to any of twenty-seven matters, without first approaching the bench and obtaining a final ruling outside the hearing of the jury. The trial court granted the motion insofar as it pertained to those areas pertinent to this appeal.

At trial, Zhang, who admitted responsibility for the collision, testified that as she was exiting a shopping center parking lot in her Toyota Corolla, she realized that she had driven too far into the moving lane of traffic. As she reversed her car, she collided with the left-side, "rear door" of Nguyen's "full size SUV." Although

2

Zhang opined that she was traveling at "about 25" miles-per-hour, she had moved only "about one and a half feet" when her car collided with Nguyen's.

Nguyen testified that she drove her Ford Explorer SUV into the parking lot at a rate of five miles-per-hour and, when she tried to cross behind Zhang, Zhang reversed her car into Nguyen's SUV. Immediately after the collision, Nguyen felt pain in her back and left knee. However, she refused medical care at the scene. Several hours later, Nguyen went to a hospital, where she was treated with medication and a bandage, issued crutches, and then discharged. The next day, Nguyen went to a chiropractor, who treated her for "twelve weeks" and then referred her to Thomas Le, M.D. Dr. Le administered a steroid injection and prescribed Nguyen medication.

On cross-examination, Nguyen testified that she left for Virginia the day after the collision, driving straight through for "24 or 30" hours with a friend. On her return trip, two days later, on March 17, 2008, she was driving in a parking lot in Tennessee when she "came up behind" an eighteen-wheel truck that "backed up" into her SUV. Nguyen suffered injury to her back and right knee. When she returned to Houston, she again sought chiropractic treatment.

The trial court admitted into evidence Nguyen's medical records and hospital bills, showing that she had incurred $300 for treatment of a "contusion" to her left knee and a lumbar sprain; medical records and chiropractor bills related to

3

the March 14, 2008 collision, showing charges in the amount of $4,940 for therapy; medical records and Dr. Le's bill, showing charges in the amount of $500 for treatment; and chiropractor treatment records related to the March 17, 2008 collision.

The jury found Zhang negligent and awarded Nguyen damages of $300 for past medical expenses.[1] The trial court denied Nguyen's motion for judgment notwithstanding the verdict. She then moved for a new trial, asserting that counsel for Zhang had violated the trial court's order granting Nguyen's motion in limine by asking prohibited questions without first seeking a ruling. She also asserted that the jury had "failed to properly consider [her] uncontroverted medical bills" in the amount of $5,740.

## Violations of Order in Limine

In her second issue, Nguyen argues that the trial court erred in "pemitting violations of its order on [her] motion in limine" because counsel for Zhang raised "prejudicial and irrelevant matters" at trial that were originally "prohibited" by the trial court's order and the cumulative effect of the violations prejudiced the jury. Nguyen further asserts that the trial court abused its discretion in admitting the complained-of testimony.

---

[1] The jury also awarded Nguyen $175 in past "physical pain and mental anguish." However, these damages are not at issue in this appeal.

We review a trial court's admission or exclusion of evidence for an abuse of discretion. *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007); *Nat'l Liability and Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527–28 (Tex. 2000). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997). We will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1; *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004).

A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary issues that the court may be asked to rule upon. *Weidner v. Sanchez*, 14 S.W.3d 353, 363 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The purpose is to prevent the opposing party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court outside the jury's presence. *Id.* Generally, the remedy for repeated violations of an order in limine lies in the trial court, in the form of sanctions or contempt. *Onstad v. Wright*, 54 S.W.3d 799, 805–06 (Tex. App.—Texarkana 2001, pet. denied). However, the cumulative effect of repeated violations of a trial court's order in limine may constitute grounds for reversal if they result in the rendition of an improper verdict. *Weidner*, 14 S.W.3d at 363;

*Dove v. Dir., State Employees Workers' Comp. Div.*, 857 S.W.2d 577, 580 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

To preserve error as to an improper question asked in contravention of a trial court's order granting a motion in limine, a timely objection is necessary. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 637 (Tex. 1986); *Citigroup Global Markets Realty Corp. v. Stewart Title Guar. Co.*, 417 S.W.3d 592, 604 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("[A] motion in limine does not preserve any issue for appellate review."). The party must further ask the court to instruct the jury to disregard the objectionable testimony and move for a mistrial. TEX. R. APP. P. 33.1(a); *State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n.6 (Tex. 1989).

Prior to trial, the trial court granted Nguyen's motion in limine to preclude the defense from making reference to the following matters during trial without first obtaining a ruling:

- The time or any of the circumstances under which [Nguyen] employed her attorney and any conversation or transactions between [Nguyen] and [her] attorney.
- Any reference to the fact that [Nguyen] will be able to recover interest on any damages that may be awarded.
- Whether or not any medical, hospital, doctor or drug bill of [Nguyen] has or has not been paid.
- That counsel for [Zhang] not mention that any of the attorney[s] for [Nguyen] specialize in the handling of personal injury cases and/or that any company this attorney is associated with also not be mentioned.

- That [Zhang] not mention that this Motion has been filed, or any ruling by the Court in response to this Motion, suggesting or inferring to the Jury that [Nguyen] has moved to prohibit proof or that the Court has excluded proof of any particular matter.

Nguyen asserts that, during trial, the trial court erroneously allowed Zhang's counsel to refer to these matters without first obtaining a ruling. Specifically, Nguyen asserts that defense counsel improperly made reference to the possibility that she might recover interest on any damages awarded, as follows:

| | |
|---|---|
| [Counsel for Zhang]: | Okay. This lawsuit, this civil lawsuit you have against my client was set for trial numerous times this year. Do you remember that or did you know that? |
| [Nguyen]: | I was like, I was actually informed that by my attorney, yes, sir. |
| [Counsel for Zhang]: | And your attorney filed papers with the court asking that it be postponed because he says unforeseen circumstances prevented you from attending and I assume that those unforeseen circumstances was— |
| [Counsel for Nguyen]: | Your Honor, relevance. Is there any relevance at all? |
| [Counsel for Zhang]: | Yes, there is in terms of *prejudgment interest*. Also in terms of prior matters. |
| THE COURT: | What were the trial setting[s] this year? |
| [Counsel for Zhang]: | There were three different trial settings. |
| THE COURT: | This year already? |
| [Counsel for Zhang]: | Yes, sir. |
| THE COURT: | And it got continued what, like 30 days? |
| [Counsel for Nguyen]: | 30 or 45 days, it still has no relevance to what we are doing here today. |
| THE COURT: | All right. I'll overrule your objection. |

7

(Emphasis added.)

Viewed in context, the record shows that the complained-of comment of Zhang's counsel came during his examination of Nguyen, who testified at trial from federal prison. Nguyen objected on the basis of "relevance," but complains on appeal that Zhang's counsel made an impermissible reference to "prejudgment interest." Because her complaint on appeal does not comport with her trial objection, no error is preserved. *See* TEX. R. APP. P. 33.1; TEX. R. EVID. 403; *Pool*, 715 S.W.2d at 637; *see also Citigroup*, 417 S.W.3d at 604 (concluding that unobjected-to violations of order in limine did not preserve error).

Nguyen next asserts that the trial court erred in "permit[ing] defense counsel to raise the prohibited issue of whether [her] medical bills had or had not been paid," as follows:

| [Counsel for Zhang]: | All right. Okay. Now, you told us that you paid $300 and the rest of that, your hospital bill was written off; is that correct? |
|---|---|
| [Nguyen]: | I was to make actual payments on it, yes, sir. |
| [Counsel for Zhang]: | In fact, doesn't the exhibit show that it was written off? |
| [Nguyen]: | *Objection, Your Honor. Improper statement.* That is not what the records show. |
| [Counsel for Zhang]: | Well— |
| [Nguyen]: | If you read the record, it shows it was a discount. |

| | |
|---|---|
| [Counsel for Zhang]: | All right. . . . They gave you a discount. You paid $300 and used a credit card? |

. . . .

| | |
|---|---|
| [Counsel for Zhang]: | Have you paid them anything more that is to Memorial Hermann Hospital? |
| [Nguyen]: | Whatever that bill was, I actually paid it off. |

. . . .

| | |
|---|---|
| [Counsel for Zhang]: | Okay. So if there was any documentation that you paid anything more than the $300, you would have given it to your lawyer, correct? |
| [Nguyen]: | Yes, sir. |
| [Counsel for Zhang]: | Okay. |
| [Counsel for Nguyen]: | Your Honor, I don't understand the question. She already testified that she paid [$]300. The record shows she paid $300. |

. . . .

| | |
|---|---|
| THE COURT: | Move along. |

(Emphasis added.)

Nguyen asserts that this line of testimony was irrelevant, prejudicial, and violated the trial court's order in limine. Again, however, because she did not object on any of these grounds in the trial court, she did not preserve error. *See* TEX. R. APP. P. 33.1(a); *Pool*, 715 S.W.2d at 637. Further, to preserve a complaint for review, the party must obtain a ruling, either express or implied, from the trial court. TEX. R. APP. P. 33.1(a). An instruction to "move along" is not a ruling. *See, e.g., Stevens v. State*, 671 S.W.2d 517, 521 (Tex. Crim. App. 1984) (considering same in criminal context).

9

Nguyen next asserts that the trial court erred in allowing defense counsel to raise the matter of whether her counsel had an association or arrangement with medical providers and whether medical bills had been paid, as follows:

| | |
|---|---|
| [Counsel for Zhang]: | *Did [counsel] refer you to a chiropractor?* |
| [Counsel for Nguyen]: | *Objection, relevance.* |
| THE COURT: | *Overruled.* |
| [Counsel for Zhang]: | . . . . Did [counsel] refer you to a chiropractor? |
| [Nguyen]: | No, sir. |
| [Counsel for Zhang]: | Did the chiropractor refer [you to counsel]? |
| [Nguyen]: | No, sir. |
| . . . . | |
| [Counsel for Zhang]: | Was there something in the ad indicating that the [chiropractor] accepted or treated accident victims? |
| . . . . | |
| [Nguyen]: | I don't actually recall—they did not have a like ad. I just like saw like their name and their phone number and like, you know, where they are at and I like chose it through that way. |
| . . . . | |
| [Counsel for Zhang]: | Okay. Now, at the time you went to see them, you had resources available to pay for medical treatment for the result of your accident, correct? |
| [Nguyen]: | On that day – yes, sir. |
| [Counsel for Zhang]: | Okay. So if they had demanded payment at the time of treatment, you could have made some payment with them, correct? |

10

| | |
|---|---|
| [Nguyen]: | I would like use like the funds from my trip, yes, sir. |
| [Counsel for Zhang]: | Okay. But they did not. You reached an agreement with them whereby they would provide you the treatment, but not demand payment at the time treatment was rendered, true? |
| [Nguyen]: | Yes, sir. |
| [Counsel for Zhang]: | And eventually, you had an arrangement with them where they would not demand the treatment [sic] or expect treatment [sic] until this case was over with, correct? |
| [Nguyen]: | Whatever the actual bill like was, I actually turned it over to like my attorney after that. |
| [Counsel for Zhang]: | Okay. So your attorney made whatever arrangements with the chiropractor for payments that were made? |
| [Nguyen]: | No, sir. No, sir. |
| [Counsel for Zhang]: | Did you make arrangements with the chiropractor to get treatment and wait for payment until this case was over with? |
| [Nguyen]: | Well, I did not pay anything upfront and you know, then like, you know, we actually made like, you know, arrangement that like, you know, once I got through with the case, then yes. |
| [Counsel for Zhang]: | Once the case was through, then you paid the chiropractor, correct? |
| [Nguyen]: | Yes, sir. |
| [Counsel for Zhang]: | And same question with respect to Dr. Thomas Le. He gave you the treatment including injection, did you make any payments to Dr. Le? |
| [Nguyen]: | Yes, sir. |
| [Counsel for Zhang]: | All right. How much did you pay Dr. Le? |

11

| | |
|---|---|
| [Nguyen]: | What was on like, you know, the actual bill. It was like 500 or so. I'm not sure of the exact amount. |
| [Counsel for Zhang]: | Well, did you get any receipt or any indication or documents to demonstrate you paid that $500? |
| [Nguyen]: | I turned it over to my attorney. |
| [Counsel for Zhang]: | All right. Did you ever see any documentation or receipts that demonstrated that Dr. Le was paid that $500. |
| [Nguyen]: | I turned whatever that was actually paid, I turned it over to my attorney. |
| . . . . | |
| [Counsel for Zhang]: | Do you know when, if ever, any payments were made to the Corporate Healthcare Clinic bill on the Corporate Healthcare Clinic bill? |
| [Nguyen]: | I don't know that. |

(Emphasis added.)

Nguyen objected on the basis of "relevance" only to the question of Zhang's counsel asking whether her attorney had referred her to a chiropractor. And she does not present any argument in regard to her objection. Moreover, the record shows that she actually denied that her attorney had referred her to medical providers and discussed at length how she chose her chiropractor on her own. In regard to Nguyen's general assertion that the above testimony was prejudicial and violated the trial court's order in limine, we note that because she did not object on

12

these grounds, she did not preserve error. *See* TEX. R. EVID. 403; *Pool*, 715 S.W.2d at 637.

Finally, Nguyen asserts that the trial court erred by allowing counsel for Zhang to make "reference in the jury's presence to the fact that a Motion in Limine had been filed," as follows:

| | |
|---|---|
| [Counsel for Zhang]: | Judge, I have more questions that will relate to the motion in limine. So can we consult with you on that now? |
| THE COURT: | Yes. Why don't we take about a ten minute break and let the ladies and gentlemen use the restrooms. And then we'll take up the issue outside the presence of the jury. . . . |

Because Nguyen did not object or bring the violation of the order in limine to the trial court's attention, no error is preserved. *See* TEX. R. APP. P. 33.1; *Pool*, 715 S.W.2d at 637.

We overrule Nguyen's second issue.

### Factual Sufficiency

In her first issue, Nguyen argues that the evidence is factually insufficient to support "the jury's finding of $300.00 for past medical expenses" because she presented uncontroverted medical bills totaling $5,740.00. She asserts that the jury's award "is manifestly too small."

When a party challenges the factual sufficiency of an adverse finding on an issue on which it had the burden of proof, it must demonstrate on appeal that the

13

adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). We review all of the evidence in a neutral light and will reverse only if the evidence supporting the finding is so contrary to the overwhelming weight of the evidence as to make the judgment clearly wrong and manifestly unjust. *Id.* The fact finder is the sole judge of the witnesses' credibility and may choose to believe one witness over another; a reviewing court may not impose its own opinion to the contrary. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

In reviewing the factual sufficiency of a damage award, we consider all the evidence that bears on the challenged category of damages, even if the evidence also relates to another category of damages. *Id.* at 773. The jury generally has discretion to award damages within the range of evidence presented at trial. *Gulf States Utils., Co. v. Low*, 79 S.W.3d 561, 566 (Tex. 2002). It may not, however, "arbitrarily assess an amount neither authorized nor supported by the evidence presented at trial." *First State Bank v. Keilman*, 851 S.W.2d 914, 930 (Tex. App.—Austin 1993, writ denied). A rational basis for the calculation must exist. *Id.*

Nguyen requested that she be awarded $5,740 in past medical expenses, which is the total amount of her billing from the hospital, chiropractor (for the March 14, 2008 collision only), and Dr. Le. To recover past medical expenses, a

14

claimant must prove that the charges incurred were reasonable and necessary. *Nat'l Union Fire Ins. Co. v. Wyar*, 821 S.W.2d 291, 297 (Tex. App.—Houston [1st Dist.] 1991, no writ). A jury may conclude, even when an objective injury is shown, that the injury is attributable to factors other than a defendant's negligence. *See McDonald v. Dankworth*, 212 S.W.3d 336, 348–49 (Tex. App.—Austin 2006, no pet.). Thus, "proof of a causal nexus between the event sued upon and the damages claimed is required." *Jackson v. Gutierrez*, 77 S.W.3d 898, 902 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see also Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984) ("Proving that the event sued upon caused the plaintiff's alleged injuries is part and parcel of proving the amount of damages to which the plaintiff is entitled.").

A plaintiff may prove the reasonableness and necessity of past medical expenses by presenting (1) expert testimony on the issues of reasonableness and necessity or (2) an affidavit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b) (Vernon Supp. 2013). Section 18.001 provides that

> [u]nless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

*Id*. The affidavit may be made by a service provider or records custodian. *Id.* § 18.001(c)–(d). By filing a proper controverting affidavit, the opposing party can

15

require the offering party to prove at trial the reasonableness and necessity of past medical expenses through expert testimony.

Here, the trial court admitted into evidence Nguyen's medical records and billing from the hospital, showing that she had incurred charges of $300 for treatment of a "contusion" to her left knee and a lumbar sprain; medical records and chiropractor bills related to the March 14, 2008 collision, showing charges in the amount of $4,940 for therapy; and medical records and Dr. Le's bill, showing charges in the amount of $500 for treatment. The trial court also admitted into evidence the affidavits of Tamara Livas, records custodian for the hospital; Hoa Pham, records custodian for the chiropractor; and Vicky T. Vu, records custodian for Dr. Le. Each testified that the charges in the associated billing records were "reasonable and necessary." *See id.* § 18.001(b). Nguyen argues that she is entitled to the full amount of her damages, as reflected in the medical billing, because Zhang did not file a controverting affidavit.

Affidavits submitted pursuant to section 18.001 are not conclusive as to the amount of damages, but merely constitute "sufficient evidence to support a finding of fact." *See id.*; *Walker v. Ricks*, 101 S.W.3d 740, 748 (Tex. App.—Corpus Christi 2003, no pet.); *Barrajas v. VIA Metro. Transit Auth.*, 945 S.W.2d 207, 209 (Tex. App.—San Antonio 1997, no pet.). Further, the affidavits do not establish

the requisite causal link between the collision and Nguyen's medical expenses. *See Walker*, 101 S.W.3d at 748.

In the context of an automobile collision, lay testimony "establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition" can support a finding of causation, provided that such conditions

(1)    are within the common knowledge and experience of laypersons,
(2)    did not exist before the accident,
(3)    appeared after and close in time to the accident, and
(4)    are within the common knowledge and experience of laypersons, caused by automobile accidents.

*Guevarra v. Ferrer*, 247 S.W.3d 662, 667 (Tex. 2007).

Nguyen's evidence that the March 14 collision caused her need for treatment at the hospital consisted of her testimony that in the hours after the collision she experienced pain in her left knee and lower back. The hospital records admitted into evidence show that Nguyen had suffered a "contusion" to her left knee and a lumbar sprain. They also show that she was issued crutches and treated with Ibuprofen and a bandage. The hospital's general discharge instructions show that Nguyen was instructed to contact her physician or the hospital if her symptoms "d[id] not start to improve after one week" as "[p]hysical therapy may be needed." She was also referred to a family physician to call the next day for "follow-up."

17

Nguyen's evidence that the March 14 collision caused her need for treatment at the chiropractor and Dr. Le consisted of her testimony that their charges were "for the injury that she received in the accident." The chiropractor's "Patient Narrative Report," which was admitted into evidence, shows that the chiropractor saw Nguyen the day after the collision because "her symptoms had persisted." Radiographs were taken and showed no signs of fractures, subluxation, or dislocation. The chiropractor's diagnosis was "[c]ontusion to right [sic] knee," "lumbar sprain," "back pain," and "muscle spasms." The chiropractor administered a "Treatment Plan" involving ultrasound, spinal manipulation, and electrical muscle stimulation. And he treated Nguyen thirty-three times before discharging her on June 24, 2008. It is also noted in the report that Nguyen was "referred out for pain management and consultation on January 31, 2008 [sic]."

Dr. Le's report, which was admitted into evidence, shows that he treated Nguyen on March 24, 2008 and April 15, 2008 for a "thoracic" sprain, or strain, and a knee "contusion." Le noted that Nguyen had a "history of [a] car accident in 2005." And his examination of her knee on April 15, 2008 revealed a "normal range of motion" and "no deformity or swelling." He noted that Nguyen showed "tenderness" in the knee and lower back, and the bruising to her knee was "severe."

18

Further, the jury heard testimony from Nguyen that on March 15, 2008, the day after her collision with Zhang, and after receiving treatment from the chiropractor, she drove "24 or 30" hours straight through to Virginia. Two days later, on March 17, 2008, as she was driving through Tennessee on her way back to Houston, Nguyen was involved in another automobile collision. While in a parking lot, an eighteen-wheel truck backed into her automobile, and she suffered injuries to her back and right knee. And, upon her return to Houston, she received chiropractic treatment for her injuries. Nguyen explained that she alternated receiving treatment for her injuries in each case and the billing was "separate." And the records and billing pertaining to the March 17 collision were admitted into evidence.

A jury may, without expert testimony, find a causal link between an automobile collision and a person's "immediate post-accident condition" that resulted in her being examined in an emergency room. *See id*. at 667–69 (noting that "it would be within the general experience and common knowledge of laypersons" that automobile collision caused plaintiff to be "cared for medically to some degree"). Here, the jury could have reasonably found that Zhang's collision with Nguyen caused injuries that necessitated Nguyen's initial treatment at the hospital.

However, "[e]ven when there is uncontroverted evidence of an injury, a jury may properly deny an award of any damages when the injuries sustained are subjective, such as back and neck soft-tissue injuries." *Gutierrez v. Martinez*, No. 01-07-00363-CV, 2008 WL 5392023, at *6 (Tex. App.—Houston [1st] Dec. 19, 2008, no pet.) (mem. op.) (citations omitted). Additionally, a jury may choose to disbelieve a witness, even if the testimony is not contradicted. *Barrajas*, 945 S.W.2d at 209. Here, the jury could have reasonably found that Zhang's collision with Nguyen did not cause injuries necessitating the chiropractic treatments that Nguyen undertook. Nguyen herself testified that on the day after the collision, she was able to drive straight through to Virginia.

Further, a jury may conclude, even when an objective injury is shown, that the injury is attributable to factors other than the defendant's negligence. *See Dankworth*, 212 S.W.3d at 348. Here, the medical record from Dr. Le notes that Nguyen was in an automobile accident in 2005. And the jury could have found that any injuries Nguyen sustained that necessitated chiropractic care were caused by being hit by an eighteen-wheel truck just three days after her collision with Zhang. Moreover, the chiropractic treatment records regarding Nguyen's March 17 collision with the truck show that she received the same treatment and incurred the same charges on a number of the same days as that pertaining to the March 14 collision with Zhang.

The evidence shows that $300 represents Nguyen's expenses for medical services received at the hospital after the collision. Thus, the jury's $300 award for past medical damages falls within the range of evidence presented at trial, and the evidence provided a rational basis by which the jury could have reached its past-damages award. *See, e.g.*, *Houge v. Kroger Store No. 107*, 875 S.W.2d 477, 481–82 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (concluding that jury's award of $10,884.70 in past medical damages, when actual medical expenses exceeded $38,000.00, supported by factually-sufficient evidence because reasonable jury could believe plaintiff's injuries not fully attributable to incident in defendant's store); *Wagner v. Taylor*, 867 S.W.2d 404, 405 (Tex. App.—Texarkana 1993, no pet.) (holding jury award of $1,000 in past medical expenses, when actual medical expenses totaled $2,968.53, supported by factually-sufficient evidence because jury entitled to assess evidence and witness credibility in determining amount of medical expense necessary and attributable to collision).

After viewing all the evidence neutrally, we conclude that the evidence supporting the jury's award of $300 in damages is not so contrary to the overwhelming weight of the evidence as to make the judgment clearly wrong and manifestly unjust. *See Francis*, 46 S.W.3d at 242. Accordingly, we hold that the evidence is factually sufficient to support the jury's award of $300 for Nguyen's past medical damages.

21

We overrule Nguyen's first issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Sharp.