**IN THE ESTATE OF Margaret Lynn GAINES, Deceased.**

No. 14–07–00257–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 1, 2008.

Rehearing Overruled Sept. 11, 2008.

Veronica Davis, West Columbia, for appellants.

Mary Peter Cudd, Angleton, Gerald Scott Siegmyer, Gregory L. Donnell, Houston, TX, for appellees.

Panel consists of Justices YATES, ANDERSON, and BROWN.

## OPINION

JOHN S. ANDERSON, Justice.

Appellants, Veronica Davis and Gelene Gaines, appeal from the trial court's orders (1) disqualifying Davis from serving as the independent executor of Margaret Lynn Gaines's estate ("the Estate"), (2) requiring Davis to turn over estate funds to the court's registry, (3) denying Davis's Motion to Compel/Motion for Contempt, (4) granting Prosperity Bank ("the Bank") attorney's fees, and (5) denying Davis's claims for money against the Estate.

In eight issues, appellants argue (1) the trial court improperly disqualified Davis from serving as the independent executor because no motion to disqualify or opposition was filed, (2) the trial court erred in requiring Davis to turn over funds, (3) the trial court erred in denying Davis's Motion to Compel/Motion for Contempt, (4) the trial court erred in awarding the Bank attorney's fees, and (5) the trial court erred in denying Davis's claims for money against the Estate. We affirm in part,

reverse and render in part, and dismiss in part.

### FACTUAL AND PROCEDURAL BACKGROUND

Margaret Lynn Gaines died on July 28, 2003. Gaines left a valid, written will which named Veronica Davis the independent executor of the Estate and Darrell Green, Gaines's brother, the trustee of a testamentary trust. The will also named Green and his wife the guardians of Gaines's children. Davis did not submit an application to probate Gaines's will for over three years after Gaines's death.

On October 11, 2006, two of Gaines's children attempted to access bank account records at the Bank because they believed Green was misappropriating their money. The Bank advised the children the information could not be disclosed without a subpoena. In response, Davis submitted an application to probate Gaines's will on October 13, 2006. On November 9, 2006, before the will was probated, Davis obtained a subpoena duces tecum on behalf of the Estate ordering the custodian of records at the Bank to produce bank statements and records to the trial court by November 30, 2006. The records requested were for bank accounts held in the name of Green and his wife for the benefit of the three Gaines children. The subpoena was served on the Bank on November 17, 2006.

The Bank did not produce the records by November 30; however, on December 7, 2006, Green filed a Motion to Quash the Subpoena Duces Tecum and Motion for Protection. Green, as the account holder, argued Davis failed to comply with section 59.006 of the Texas Finance Code, which is the exclusive method for compelling discovery of records of a financial institution. *See* Tex. Fin.Code Ann. § 59.006 (Vernon Supp.2007). The following day, on December 8, 2006, Davis filed a Motion to Compel/Motion for Contempt arguing the Bank failed to comply with the subpoena by the compliance date. In her motion, Davis requested that the trial court compel the production of the documents, hold the Bank in contempt for disobeying the subpoena, demand production of the records for in camera inspection, sanction the Bank, and award costs, attorney fees, and any other equitable relief. The Bank responded to the motion arguing the subpoena failed to comply with the requirements of section 59.006 of the Finance Code. *See id.* According to the Bank, the subpoena required production of the records prior to the expiration of twenty-four days from the date of service, the requesting party failed to pay the reasonable costs for producing the records, and the requesting party failed to obtain written consent to release the records from the account owner. *See id.* § 59.006(b)(1)-(2), (c)(1)-(3).

On December 19, 2006, the trial court held a hearing on Green's Motion to Quash Subpoena Duces Tecum and Motion for Protection, Davis's Motion to Compel/Motion for Contempt, and Davis's application to probate Gaines's will. Ultimately, the trial court granted Green's Motion to Quash and denied Davis's Motion to Compel/Motion for Contempt because the trial court determined Davis issued the subpoena without first being qualified as the independent executor of the Estate and because Davis failed to comply with section 59.006 of the Finance Code. The trial court also ordered Davis to pay the Bank its reasonable and necessary attorney's fees and research charges. In addition, the trial court ordered Gaines's will admitted to probate, but it determined Davis was not suitable to serve as the independent executor. Instead, the trial court determined it was advisable and in the best interest of the Estate to appoint Mary Peter Cudd to serve as the independent

administrator. The trial court also ordered Davis to turn over to the court's registry all of the funds Davis collected on behalf of the Estate and its beneficiaries.

In response to the trial court's orders, Davis filed a Motion for Rehearing, which she amended twice. The motion was overruled by operation of law. On March 22, 2007, Davis filed a supersedeas bond to stay further proceedings. However, on that same day, Davis also filed two authenticated unsecured claims for money with the representative of the Estate, one for $7,500.00 and one for $1,931.59. Cudd, as the independent administrator of the Estate, rejected both of Davis's claims, and on April 24, 2007, the trial court signed orders recognizing Cudd's rejection of the claims. This appeal followed.

## A. Did the Trial Court Err in Disqualifying Davis from Serving as the Independent Executor?

In appellants' first two issues, they argue the trial court erred in disqualifying Davis from serving as the independent executor because no motion to disqualify or opposition to her appointment was pending before the trial court.[1] Appellants argue Green's attorney sought to have Davis disqualified by a sua sponte oral motion during the hearing instead of filing a written motion with the trial court. According to appellants, the trial court lacked the authority to disqualify Davis on the basis of a sua sponte oral motion. Appellants argue these actions constituted an unfair surprise and a denial of due process. Appellants then assert that because the judgment is not supported by the pleadings, it is void.

### 1. Standard of Review

 A court's ruling on a probate application is generally reviewed under an abuse of discretion standard. *See In re Guardianship of Bayne,* 171 S.W.3d 232, 235 (Tex.App.–Dallas 2005, pet. denied); *see, e.g., In re Estate of Robinson,* 140 S.W.3d 801, 807 (Tex.App.–Corpus Christi 2004, pet. dism'd) (reviewing order finding person unsuitable to serve as executor under an abuse of discretion standard); *Olguin v. Jungman,* 931 S.W.2d 607, 610 (Tex.App.–San Antonio 1996, no writ) (reviewing order finding person unsuitable to serve as executor under an abuse of discretion standard). The trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Cire v. Cummings,* 134 S.W.3d 835, 838–39 (Tex. 2004). The mere fact a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985).

### 2. Applicable Law

 If an independent executor named in the will comes forward within the statutory period for probating a will, offers it for probate, and applies for letters testamentary, the court has no discretionary power to refuse to issue letters to the named executor unless he is a minor, an incompetent, or otherwise disqualified under the provisions of section 78 of the Texas Probate Code. *Alford v. Alford,* 601

---

**1.** Appellants' first issue asks whether the trial court can disqualify Davis without an opposing motion pending before it. Their second issue asks whether the trial court can disqualify Davis in order to circumvent no opposition being filed. We conclude these two issues both challenge the trial court's ability to disqualify Davis as the independent executor without a written motion seeking such relief; therefore, we will address the two issues together.

S.W.2d 408, 410 (Tex.Civ.App.–Houston [14th Dist.] 1980, no writ); *see* Tex. Prob. Code Ann. § 77 (Vernon 2003) ("Letters testamentary or of administration shall be granted to persons who are *qualified* to act, in the following order: (a) To the person named as executor in the will of the deceased ....") (emphasis added). However, under section 78 the court may disqualify a person from serving as an executor if the court finds that person "unsuitable." Tex. Prob.Code Ann. § 78(e) (Vernon 2003); *see Olguin,* 931 S.W.2d at 609 (holding the provision disqualifying unsuitable persons from serving as executor applies to the appointment of an independent executor); *Alford,* 601 S.W.2d at 410 (applying section 78 to qualification of an independent executor). No comprehensive, discrete explanation exists delineating the attributes which make someone unsuitable. *Olguin,* 931 S.W.2d at 610; *see Boyles v. Gresham,* 158 Tex. 158, 161–63, 309 S.W.2d 50, 53–54 (1958) ("Neither the Model Code nor the Texas Probate Code purports to define 'unsuitable,' and we shall not attempt here to define it."). The trial court has broad discretion in determining whether an individual is "suitable" to serve as an executor. *Kay v. Sandler,* 704 S.W.2d 430, 433 (Tex.App.–Houston [14th Dist.] 1985, writ ref'd n.r.e.).

### 3. *Analysis*

■■■ Appellants' primary argument is the trial court lacked the authority to disqualify Davis on the basis of a sua sponte verbal motion by Green's attorney. According to appellants, this lack of pleading constituted an unfair surprise and denial of due process. However, the trial court heard evidence bearing on Davis's qualifications without objection. Therefore, appellants cannot complain of the insufficiency of the pleadings for the first time on appeal. *See Formby v. Bradley,* 695

S.W.2d 782, 785 (Tex.App.–Tyler 1985, writ ref'd n.r.e.). When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Tex.R. Civ. P. 67. The doctrine of implied consent applies only where it appears from the record the issue was actually tried, although not pleaded. *Johnston v. McKinney Am., Inc.,* 9 S.W.3d 271, 281 (Tex.App.–Houston [14th Dist.] 1999, pet. denied). After the trial court heard evidence regarding the Motion to Quash and Motion to Compel/Motion for Contempt and ruled on those motions, it stated "[t]he court is now moving to the Amended Application to Probate Will and for Issuance of Letters Testamentary filed by Veronica Davis on October 16th, 2006. In that connection, let the record reflect that Ms. Davis is before the Court as well as Mr. Greg Donnell." Davis then gave her direct examination testimony. After Davis finished, the trial court allowed Gregory Donnell, Green's attorney, to cross-examine Davis. During this cross-examination, the trial court heard evidence bearing on Davis's qualifications; however, Davis did not object at any point during the hearing regarding Green's failure to file a written motion. We conclude the issue of Davis's qualification to serve as the independent executor of the Estate was tried by consent when Davis engaged in cross-examination and discussions with the trial court regarding her qualifications without ever raising an objection.

■■■ Even if appellants had properly objected, we do not agree the trial court lacked the authority to disqualify Davis without a filed motion or opposition. Section 178 of the Probate Code requires the court to grant letters testamentary to the executor appointed in the will if she is not disqualified. *See* Tex. Prob.Code Ann.

§ 178(a) (Vernon 2003). Also, section 78 provides a person is disqualified to serve as an executor if the court finds her unsuitable. *Id.* § 78. Nothing in these two sections requires the filing of a motion or opposition to disqualify an applicant before the court can find a person unsuitable.[2] *See id.* §§ 78, 178(a). Essentially, the Probate Code requires a court to issue letters testamentary to qualified applicants, but it does not require the court to issue letters testamentary to people it determines are disqualified. In this case, the trial court was not required to appoint Davis as the independent executor because, under its broad discretion, it found Davis unsuitable.

[redacted] To the extent appellants challenge the sufficiency of the evidence supporting the trial court's decision, we conclude the evidence is sufficient. Davis's testimony at the hearing showed Davis failed to probate the will for over three years, which the court stated potentially cost the Estate money;[3] Davis sought a subpoena on behalf of the Estate before seeking appointment as the independent executor; Davis collected and distributed money from the Estate without proper authority; and Davis considered the interests of one beneficiary over the interests of the Estate.[4] Considering this evidence, we conclude the trial court did not abuse its discretion in finding Davis unsuitable to serve as the independent executor of the Estate. *See Spies v. Milner,* 928 S.W.2d 317, 319 (Tex. App.–Fort Worth 1996, no writ) (finding the trial court did not abuse its discretion in finding appellant unsuitable to serve as executor because the evidence showed appellant had difficulty dealing with professionals, she was a difficult witness and changed her answers when pressured, she admitted taking money out of the decedent's account while the decedent was still alive, and she did not get along with the other relatives involved in the probate proceeding). We overrule appellants' first two issues.

### B. Did the Trial Court Err in Requiring Davis to Turn Over Funds to the Court's Registry?

[redacted] In their third issue, appellants argue the trial court, which is a county court, lacked jurisdiction to make rulings regarding any trust matters. According to appellants, the trial court erred in order-

2. Appellants argue section 10 of the Probate Code requires any opposition to Davis's appointment as an executor to be in writing and filed with the court. We disagree. Section 10 provides "[a]ny person interested in an estate *may* at any time before any issue ... file opposition." Tex. Prob.Code Ann. § 10 (Vernon 2003) (emphasis added). This section neither requires an opposition to be filed nor limits the trial court's discretion to determine an applicant's suitability. Appellants also cite *In re Estate of Robinson,* 140 S.W.3d 801 (Tex.App.–Corpus Christi 2004, pet. dism'd), and argue when an applicant is among those named in the Probate Code as a person entitled to priority, the party opposing the appointment bears the burden of establishing the applicant's disqualifications. However, determining which party bears the burden of proof is not the same issue as whether or not a party opponent must file a written opposition with the trial court. Appellants have failed to cite any cases or statutes which require the filing of a written motion or opposition before the trial court can determine whether an applicant is qualified to serve as an executor.

3. The trial court stated that had Davis probated the will earlier, the trial court could have seen to it the children's money was properly invested through the trustee in a proper account.

4. Davis testified one of the reasons she did not probate the will earlier was because Gelene, one of the beneficiaries, requested Davis delay probating the will. The trial court stated Davis acted improperly because she followed the desires of a beneficiary over the desires of Gaines, as expressed in her will.

ing Davis to place the funds in the registry of the county court because all matters pertaining to trust assets and property should be determined by the district court.[5]

### 1. Analysis

 During the hearing, Davis admitted to collecting and distributing funds on behalf of the Estate and its beneficiaries even though she had not been appointed as the independent executor. According to Davis, she maintained a client trust account which she used to collect and distribute the funds. Davis told the trial court she felt she had a duty to protect the funds from mismanagement and misappropriation by Green, the appointed trustee. After hearing this evidence, the trial court, sua sponte, ordered Davis to turn over the assets to the county clerk of Brazoria County. In the order, the trial court stated Davis shall turn over "all funds collected by Veronica Davis by or on behalf of this Estate or the beneficiaries of this Estate and currently held in the Trust Account of Veronica Davis."

Appellants claim the trial court erred because section 115.001 of the Texas Property Code grants exclusive jurisdiction to the district court for all proceedings concerning trusts. See Tex. Prop.Code Ann. § 115.001 (Vernon 2007), amended by Tex. Prop.Code Ann. § 115.001 (Vernon Supp. 2007).[6] However, this case was not a proceeding concerning trusts. The proceeding and decision of the trial court dealt

with the administration of the Estate. Appellants have confused estate assets with trust assets. Here, the trial court ordered all estate assets collected by Davis on behalf of the Estate and its beneficiaries turned over to the county clerk. The county court, in this case, had jurisdiction to hear all applications, petitions, and motions regarding probate and administration. Tex. Prob.Code Ann. § 5(c) (Vernon Supp.2007). Under this jurisdiction, the county court had the power to "hear all matters incident to an estate." Id. § 5(f). Matters "incident to an estate" include "all matters relating to the settlement, partition, and distribution of an estate." Id. § 5A(a) (Vernon Supp.2007). We conclude the county court had jurisdiction to order Davis to turn over the Estate assets she was improperly maintaining under its power to hear all matters incident to an estate. See id. §§ 5(c), (f), 5A(a). Accordingly, we overrule appellants' third issue.

### C. Did the Trial Court Err in Denying Davis's Motion to Compel/Motion for Contempt?

We construe appellants' fourth and fifth issues as challenges to the trial court's order denying Davis's Motion to Compel/Motion for Contempt. Davis's motion sought to compel the Bank to produce records for bank accounts held in the name of Green and his wife for the benefit of the three Gaines children. The trial court denied Davis's motion, finding Davis issued the subpoena on behalf of the Gaines chil-

5. Under this issue, appellants also argue the trial court ignored the fact Davis was to manage these particular funds rather than Green, and they argue the transcript inaccurately reflects what was said during the hearing. Because appellants failed to raise these objections with the trial court and failed to present these arguments in their Motion for Rehearing, they have not preserved error. See Tex. R.App. P. 33.1(a). We address appellants' jurisdictional complaint because questions of

jurisdiction cannot be waived and may be raised for the first time on appeal. Prairie View A & M Univ. v. Brooks, 180 S.W.3d 694, 702 (Tex.App.–Houston [14th Dist.] 2005, no pet.).

6. The amended version of section 115.001, found in the 2007 supplement, became effective after this suit was filed; therefore, it is not applicable to this case.

dren without having first qualified as the independent executor of the Estate and finding Davis failed to comply with section 59.006(b) of the Finance Code.

### 1. Was Davis Allowed to Seek a Subpoena Without First Being Appointed the Independent Executor of the Estate?

■ In their fourth issue, appellants argue the trial court erred in determining Davis was without authority to seek the subpoena. According to appellants, Davis sought the subpoena as Gelene Gaines's lawyer and not as the executor of the Estate. Appellants argue Gelene was an "interested person" and entitled to legal representation. Appellants contend Gelene retained Davis to represent her in the probate matter and in matters incident to the Estate; therefore, Davis was entitled to seek the subpoena.

#### a. Standard of Review

■ We review the trial court's rulings on discovery matters for an abuse of discretion. *See In re CSX Corp.,* 124 S.W.3d 149, 152 (Tex.2003). The trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Cire,* 134 S.W.3d at 838–39.

#### b. Analysis

■ The burden is on appellants to present a record sufficient to demonstrate an abuse of discretion. Tex.R.App. P. 50(d); *Wheelis v. First City, Tex.-Ne.,* 853 S.W.2d 81, 82 (Tex.App.–Houston [14th Dist.] 1993, writ denied). Appellants failed to carry their burden. Nothing in the record supports appellants' argument that Davis was acting as Gelene's lawyer instead of as the executor of the Estate when she obtained the subpoena. There is no evidence in the record indicating Gelene hired Davis. Appellants argue that, under Texas Rule of Civil Procedure 8, upon signing the initial pleading, an attorney is the attorney in charge, unless another attorney is designated therein. Tex.R. Civ. P. 8. While this may be true, Davis's signature on the Application to Probate the Will and for Issuance of Letters Testamentary fails to prove she was acting as Gelene's lawyer. Furthermore, the trial court filed the subpoena under the same cause number as the Application to Probate the Will and for Issuance of Letters Testamentary. Without evidence to prove otherwise, appellants fail to demonstrate the trial court abused its discretion when it found Davis did not have authority to issue the subpoena and denied Davis's Motion to Compel/Motion for Contempt.[7] *See Wheelis,* 853 S.W.2d at 82 (holding appellants failed to meet burden of presenting a record sufficient to demonstrate an abuse of discretion). Accordingly, we conclude the trial court did not abuse its discretion. We overrule appellants' fourth issue.

### 2. Did Davis Properly Comply with Section 59.006 of the Finance Code?[8]

In their fifth issue, appellants argue Green is not the true Bank customer in this case, therefore, Davis was not required to give him notice under section 59.006(b) of the Finance Code. Appellants argue the more relevant issue is who owns the funds in the account, not who owns the

---

7. We also find appellants' argument that Davis was acting as Gelene's lawyer, while also having filed an application to be appointed the independent executor of the Estate, could potentially lead to serious conflicts of interest.

8. Appellants' heading for their fifth issue states "Whether Green has a Right to Fail to Disclose the Banking Information," but their argument really centers around whether Davis properly complied with the Finance Code and whether the trial court erred in denying Davis's motion.

account itself. According to appellants, either the federal government or the Gaines children own the funds in the account; therefore, the trial court abused its discretion in determining notice and consent was required. Further, appellants argue the trial court abused its discretion in failing to examine the records in camera, as requested.[9]

### a. Analysis

Having determined the trial court did not abuse its discretion in denying the Motion to Compel/Motion for Contempt based on Davis's lack of authority to seek the subpoena, we need not address whether Davis properly complied with the Finance Code or whether the trial court abused its discretion in failing to examine the records in camera. *See* Tex.R.App. P. 47.1. We overrule appellants' fifth issue.

### D. Was the Bank Entitled to Attorney's Fees?

 In their sixth issue, appellants argue the trial court abused its discretion in awarding the Bank attorney's fees because the Bank failed to request attorney's fees in its response to appellant's Motion to Compel/Motion for Contempt. Appellants allege the Bank's failure to plead for attorney's fees renders the award void because the judgment is not supported by the pleadings. Appellants also argue the trial court abused its discretion in making Davis personally liable for the attorney's fees.

### 1. Analysis

 A judgment must be supported by the pleadings and, if not so supported, it is void. *City of Fort Worth v. Gause,*

129 Tex. 25, 29, 101 S.W.2d 221, 223 (1937). A party may not be granted relief in the absence of pleadings to support that relief. *Stoner v. Thompson,* 578 S.W.2d 679, 682–83 (Tex.1979). A judgment, absent issues tried by consent, must conform to the pleadings. Tex.R. Civ. P. 301; *State v. Estate of Brown,* 802 S.W.2d 898, 900 (Tex. App.-San Antonio 1991, no writ). Absent a mandatory statute, a trial court's jurisdiction to render a judgment for attorney's fees must be invoked by pleadings, and a judgment not supported by pleadings requesting an award of attorney's fees is a nullity. *Estate of Brown,* 802 S.W.2d at 900.

In this case, the trial court's order denying Davis's Motion to Compel/Motion for Contempt also included an award to the Bank for its reasonable and necessary attorney's fees and research charges. The Bank, however, did not request attorney's fees in its response to Davis's motion. Instead, the Bank orally announced during the hearing it was requesting attorney's fees. The Bank could not provide the amount of fees it was seeking during the hearing, but it informed the trial court it would send the necessary information to all of the parties later that day. The trial court then orally announced it was granting the Bank its attorney's fees. The trial court also stated Davis was to be held personally liable for the fees. The next day, the Bank filed an affidavit in support of its request for attorney's fees.

 The Bank argues appellants waived this issue because Davis did not object during the hearing or otherwise respond to the order; therefore, they cannot

---

9. Appellants also cite to the portion of the statute that states this section "does not create a right of privacy in a record." Tex. Fin.Code Ann. § 59.006(a). While appellants correctly cite this portion of the statute, we

fail to see how it affects the trial court's decision. Whether or not Green has a right of privacy in the records is irrelevant to whether or not Davis properly followed the notice requirements in the statute.

raise it for the first time on appeal. However, in their Motion for Rehearing, appellants argued the award was improper due to a lack of pleading. Thus, appellants have properly preserved this issue for appeal. The Bank also argues the award was proper under Texas Rules of Civil Procedure 13 and 215.2(b)(8). We disagree with this argument as well. Both rules cited by the Bank provide a method in which the trial court can impose sanctions on an attorney. *See* Tex.R. Civ. P. 13, 215.2(b)(8). In this case, the trial court's order does not mention either of these rules, nor does it state it is imposing sanctions on Davis. Instead, the order states it is awarding the Bank its "reasonable and necessary attorney's fees and research charges, pursuant to Texas Finance Code, Section [59.006(b)(2) ]." Additionally, both rule 13 and 215.2(b)(8) allow for the imposition of sanctions "after notice and a hearing." Tex.R. Civ. P. 13, 215.2(b)(8). Davis never received notice or a hearing on the possibility of sanctions, therefore, the Bank cannot rely on these rules as support for the award.

Because the Bank failed to invoke the trial court's jurisdiction to render a judgment for attorney's fees by failing to plead the issue, we hold the judgment of the trial court insofar as it awarded attorney's fees to the Bank is void. Since we reverse the judgment of the trial court on the grounds that there are no pleadings to support the award of attorney's fees, we need not consider appellants' argument that the trial court erred in holding Davis personally liable. *See* Tex.R.App. P. 47.1. Appellants' sixth issue is sustained.

### E. Were the Attorney's Fees Excessive?

In their seventh issue, appellants argue that, if we determine the award of attorney's fees was not void, the award was excessive and, therefore, constituted an abuse of discretion. Since we reverse the award of attorney's fees, we need not consider appellants' seventh issue. *See id.*

### F. Did the Independent Administrator and the Trial Court Err in Denying Davis's Claims Against the Estate?

■ In their eighth issue, appellants argue Cudd and the trial court lacked the authority to reject Davis's claims against the Estate. According to appellants, the rejection of Davis's claims contravenes section 243 of the Probate Code. *See* Tex. Prob.Code Ann. § 243 (Vernon 2003).[10]

### 1. Analysis

■ On March 22, 2007, Davis filed two authenticated unsecured claims for money with Cudd requesting payment. Davis claimed the Estate owed her $7,500 for legal work she performed both before and after Gaines died and $1,931.59 for repairs and maintenance performed on Gaines's house before Gaines died. On April 23, 2007, Cudd filed a memorandum with the trial court rejecting both of Davis's claims. The following day, the trial court entered two orders recognizing Cudd's disallowance. Appellants now attempt to appeal from these orders entered by the trial court.

When a person has a claim for money against an estate, the Probate Code sets out the steps to be taken in order to collect. Under section 314, a person who has a claim for money against an estate

---

**10.** Appellants argue in the alternative that the filing of the supersedeas bond stayed all proceedings; therefore, all matters filed and orders entered after the posting of the bond should be set aside and vacated. However, we conclude appellants waived this argument because Davis is the one who filed the claims against the Estate despite the supersedeas bond.

must first present that claim to the representative of the estate.[11] *Id.* § 314 (Vernon 2003). The representative has thirty days after the claim is presented to reject or accept it. *Id.* § 309 (Vernon 2003). If the representative fails to timely accept or reject the claim, the claim is considered rejected. *Id.* § 310 (Vernon 2003). When a claim is rejected, the claimant must file suit in the court of original probate jurisdiction within ninety days of the rejection, or the claim shall be barred. *Id.* § 313 (Vernon 2003). In this case, Davis presented her claims for money to the representative, which were rejected. However, after reviewing the record, it appears Davis failed to file suit in the court of original probate jurisdiction after the rejection of her claims as required by section 313.[12] *See id.* Instead, appellants are attempting to appeal from the orders signed by the trial court recognizing Cudd's rejection of Davis's claims.

For a judgment to be a final, appealable judgment in a probate proceeding, it is not necessary that the judgment fully and finally dispose of the entire probate proceeding. *Crowson v. Wakeham,* 897 S.W.2d 779, 781 (Tex.1995). Never-

theless, the judgment "must be one which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding is brought." *Id.* In this case, the orders appellants attempt to appeal from are merely the trial court's recognition of Cudd's rejection of the claims. The Probate Code provided Davis further recourse after the rejection of her claims by Cudd. *See* Tex. Prob.Code Ann. § 313. Therefore, the orders did not finally dispose of and were not conclusive on the controverted issue; instead, they merely informed Davis of the rejection and put her on notice that she had ninety days to file suit. *See id.; Crowson,* 897 S.W.2d at 781. Thus, the orders were interlocutory, and thus we lack jurisdiction over this portion of the appeal.[13] *See Crowson,* 897 S.W.2d at 783.

CONCLUSION

Having considered all of appellants' issues, we affirm the trial court's order disqualifying Davis from serving as the independent executor of the Estate; we affirm the trial court's ancillary order requiring Davis to turn over estate funds to the

---

11. "Representative" is defined as an "executor, independent executor, administrator, independent administrator, temporary administrator, together with their successors. The inclusion of independent executors herein shall not be held to subject such representatives to control of the courts in probate matters with respect to settlement of estates except as expressly provided by law." Tex. Prob. Code Ann. § 3(aa) (Vernon 2003). Despite the fact an independent executor falls within the definition of representative, the Texas Supreme Court held sections 309, 310, and 313 are not applicable to an independent executor; however, in this case, the court determined a necessity existed for the administration of the estate and appointed Cudd as the independent administrator. *See Bunting v. Pearson,* 430 S.W.2d 470, 473 (Tex.1968) (holding the sections are not applicable to an independent *executor* ) (emphasis added).

Therefore, we find the procedural requirements in sections 309, 310, and 313 are still applicable to an independent administrator.

12. To file suit, as required by section 313, the claimant must file a pleading alleging the presentation of the claim and rejection of such claim and show the suit was filed within the ninety-day time period. *Jaye v. Wheat,* 130 S.W.2d 1081, 1084 (Tex.Civ.App.–Eastland 1939, no writ). There is no evidence in the record Davis filed a proper pleading with the trial court.

13. We must inquire into our own jurisdiction, even if it is necessary to do so sua sponte. *George v. Phillips Petroleum Co.,* 976 S.W.2d 363, 364 (Tex.App.–Houston [14th Dist.] 1998, no pet.).

court's registry; and we affirm the trial court's order denying Davis's Motion to Compel/Motion for Contempt. We reverse that portion of the trial court's order awarding the Bank attorney's fees, and we render judgment the Bank take nothing. Further, we dismiss for want of jurisdiction the appellants' interlocutory appeal from the trial court's orders recognizing the representative's rejection of Davis's claims against the Estate.