In re ESTATE OF Frank William GAY.

No. 14–08–00699–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 16, 2010.

Sharon Brand Gardner, C. Henry Kollenberg, Houston, for appellant.

Ronald G. Greening, Melvin Dummar, Austin, Jimmy Walker, Houston, for appellee.

Panel consists of Justices ANDERSON and BOYCE and Senior Justice MIRABAL.*

## OPINION

MARGARET GARNER MIRABAL, Senior Justice (Assigned).

In this probate case, appellants Frank William Gay, II and Robert Gay [1] contend, among other things, that the trial court erred by refusing to appoint them as the independent co-executors of the estate of their father, Frank William Gay ("Mr. Gay"), as provided in their father's will. We reverse and remand.

### Background

In May 2007, Mr. Gay died. When he died, a lawsuit against him and William Lummis filed by Melvin Dummar was on appeal to the United States Court of Appeals for the Tenth Circuit. *See Dummar v. Lummis*, 543 F.3d 614 (10th Cir.2008). Frank filed a suggestion of death in the Tenth Circuit Court of Appeals.[2] The clerk responded by issuing an order requiring that either Mr. Gay's attorneys or Frank provide the court with valid documentation of Mr. Gay's death and, if appropriate, request that Frank be substituted as a party to the appeal. On June 15, 2007, the Tenth Circuit clerk again ordered Mr. Gay's counsel to advise the court whether Frank or another personal representative should be substituted as a

---

* Senior Justice Margaret Garner Mirabal sitting by assignment.

1. We will refer to Frank William Gay, II as "Frank" and Robert Gay as "Robert" individually where appropriate, and to both of them as "Appellants" where necessary.

2. *See* FED. R.APP. P. 43(a)(1) (providing for substitution of parties on the death of a party).

party to the appeal. Mr. Gay's counsel responded by stating

Frank W. Gay II and Robert C. Gay are the independent co-executors of the Estate of Frank William Gay ("Estate") and, as such, are the "personal representatives" of the Estate contemplated by Rule 43, Federal Rules of Appellate Procedure. . . .

Mr. Gay's counsel then moved to substitute Frank and Robert as appellees in place of Mr. Gay, stating in the motion,

Mr. Gay, by testamentary designation, has appointed the co-executors to administer the Estate and the co-executors, are the "personal representatives" who may seek and are properly substituted under Rule 43.

In June 2007, the Tenth Circuit Court of Appeals ordered that Frank and Robert were substituted as appellees, along with the other defendant in the case, Lummis. In January 2008, Dummar sought to strike the joint brief filed by Mr. Gay's sons and Lummis because probate had not been opened in Harris County for Mr. Gay's estate. In the motion, Dummar alleged that a certified copy of a court order or copies of letters testamentary were necessary to permit the substitution of Mr. Gay's sons in the suit. In its disposition of the case by opinion dated September 12, 2008, the Tenth Circuit ultimately rejected Dummar's claim that a probated estate was necessary, stating

[W]e see nothing improper in the representations of the Gays to this court in their motion for substitution, so Mr. Dummar's motions to strike the joint brief and oral argument of Defendants and for a stay are DENIED.

*Id.* at 624.

While the appeal of Dummar's suit against Lummis and Mr. Gay was pending, Dummar filed an application for administration of Mr. Gay's estate in Harris County on February 22, 2008; specifically, Dummar filed a Complaint, Motion to Show Cause, and Motion to Set Hearing requesting that Appellants produce the will. On May 20, 2008, a hearing was held in Probate Court No. 3. The record reflects that only Robert was successfully served. His counsel appeared at the hearing and represented that the will would be produced, but stated that he did not have an original document with him at the hearing. The trial court appointed Clifton A. Goodwin, Jr. as dependent administrator for Mr. Gay's estate. Frank and Robert filed the will for probate shortly after this hearing.

On June 17, 2008, the trial court held a hearing on Appellants' application for probate. The will was admitted to probate without objection. In the will, Mr. Gay left his estate entirely to his wife, directly or in trust. The will named his wife as the executor of his estate, but if she was unable or declined to serve, he named his sons Frank and Robert as successor independent co-executors. Appellants appeared and testified regarding the reasons that the will had not been previously submitted to probate and about the circumstances surrounding the Tenth Circuit case. They testified that their mother had declined to serve as executor of Mr. Gay's estate, and that they were both willing to serve and were not disqualified. Frank explained that he is a resident of Utah and has a graduate degree in Business Administration from Harvard Business School. Robert testified that he has a Ph.D. from Harvard University in Economics and Finance.

Dummar opposed their application to be named co-executors, arguing that the statements made to the Tenth Circuit in Appellants' request to substitute parties constituted a misrepresentation that a formal probate proceeding had been opened

and they actually had been appointed co-executors. Dummar alleged that this pleading made them "unsuitable" to serve as co-executors. One of Appellants' attorneys from the Tenth Circuit proceeding testified regarding the steps she had taken in the appeal when Mr. Gay died. She explained that to defend their father's estate, Appellants identified themselves as personal representatives by testamentary designation and allowed themselves to be substituted for Mr. Gay based on the advice of counsel.

The probate court denied Frank and Robert's application to be named co-executors, finding them "unsuitable":

> In 2007, the Applicants held themselves out to be Successor Independent Co-Executors of the Estate of Decedent or "personal representatives by testamentary designation" to the United States Court of Appeals for the Tenth Circuit. Applicants had not been appointed Successor Independent Co–Executors of the Estate of Decedent at this Time.
>
> The Court finds that the above statement is a misrepresentation by Applicants before a federal tribunal. As such, the Court finds them unsuitable to be Successor Independent Co–Executors of the Estate of the Deceased under § 78(c) of the Texas Probate Code.

The probate court retained Goodwin as the dependant administrator of Mr. Gay's estate, with will annexed. This appeal timely ensued.

## Issues Presented

In their second issue, Appellants contend that the trial court erred by admit-

ting Mr. Gay's will to probate but refusing to appoint them as independent co-executors as provided for in his will.[3]

## Analysis

### A. Standard of Review

 We generally review a trial court's ruling on a probate application for an abuse of discretion. *See In re Estate of Gaines*, 262 S.W.3d 50, 56 (Tex.App.-Houston [14th Dist.] 2008, pet. denied); *see also In re Estate of Robinson*, 140 S.W.3d 801, 807 (Tex.App.-Corpus Christi 2004, pet. dism'd) (reviewing order finding person unsuitable to serve as executor under an abuse of discretion standard); *Olguin v. Jungman*, 931 S.W.2d 607, 610 (Tex.App.-San Antonio 1996, no writ) (same). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *See Bowden v. Phillips Petroleum Co.*, 247 S.W.3d 690, 696 (Tex.2008). The mere fact a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985). But a trial court abuses its discretion when it fails to analyze or apply the law correctly. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642–43 (Tex.2009) (orig. proceeding).

### B. Applicable Law

 A testator has long been permitted to select an independent executor of his choosing. *Boyles v. Gresham*, 158 Tex.

---

**3.** In their first issue, Appellants assert that Dummar lacked standing in the probate court. In their third issue, they argue that the trial court erred by failing to require notice to and refusing to consider any relative of Mr. Gay as executor of the estate and retain-ing Goodwin as the dependent administrator of the estate. Because of our disposition of issue two, it is not necessary to reach the merits of issues one and three, and we decline to do so.

158, 161–62, 309 S.W.2d 50, 53 (1958). Indeed, "[l]etters testamentary or of administration *shall* be granted to persons who are qualified to act, in the following order: (a) To the person named as executor in the will of the deceased...." TEX. PROBATE CODE ANN. § 77 (Vernon 2003). However, under section 78 of the Probate Code, the court may disqualify a person from serving as an executor if the court finds that person "unsuitable." *Id.* § 78(e); *see also Gaines,* 262 S.W.3d at 56. The trial court maintains broad discretion in determining whether an individual is "suitable" to serve as an executor. *Gaines,* 262 S.W.3d at 56.

■ No comprehensive explanation exists delineating the attributes that make someone unsuitable. *Id.* (citing *Boyles,* 158 Tex. at 161–63, 309 S.W.2d at 53–54 ("Neither the Model Code nor the Texas Probate Code purports to define 'unsuitable,' and we shall not attempt here to define it.")). However, the majority of cases examining unsuitability under this section of the Texas Probate Code involve a conflict of interest between the individual and the estate. *See, e.g., Olguin,* 931 S.W.2d at 610 (citing and examining cases regarding suitability of administrator/executor). These cases indicate that an individual "asserting a claim against property, claiming it as their own to the exclusion of the estate, is deemed unsuitable because of the conflict, whereas an individual making a claim within the probate process (i.e. person claiming under the will or attempting to collect a debt from the estate) is not." *Id.* With this background in mind, we turn to the facts of this case.

## C. Application

■ As noted above, the trial court concluded that Appellants, named successor co-executors in Mr. Gay's will, were unsuitable to serve because they misrepresented their status before the Tenth Circuit.

First, we note that the federal court determined that Appellants did nothing improper in making the representations they did in their motion for substitution. *Dummar,* 543 F.3d at 624. Appellants stated they were named independent co-executors by testamentary designation; they did not claim that a probate proceeding had been opened or that they had received letters testamentary. We likewise see nothing improper in their representations to the federal court.

Further, by stepping into their deceased father's shoes, Appellants actually worked to benefit their father's estate by successfully defending against Dummar's appeal. *Cf. Gaines,* 262 S.W.3d at 56 (concluding that sufficient evidence supported trial court's finding of unsuitability when named executor possibly cost estate money by failing to probate will for three years, collected and distributed money from the estate without authority, and considered interest of one beneficiary over interests of estate); *Spies v. Milner,* 928 S.W.2d 317, 319 (Tex.App.-Fort Worth 1996, no writ) (determining court did not abuse its discretion in finding appellant unsuitable as executor when she had difficulty dealing with professionals, was a difficult and inconsistent witness, admitted taking money from the decedent's account while decedent was still alive, and did not get along with other relatives involved in probate proceeding). Finally, we note that both Frank and Robert are well-educated professionals with experience in the areas of business and finance. Nothing in our record indicates that any others involved in the probate proceeding are opposed to their appointment as independent co-executors of Mr. Gay's estate; indeed, their mother, who is the primary beneficiary under the will, declined to serve in their stead.

Under these circumstances, we conclude that the trial court disregarded the long-standing tradition of permitting a testator to select his executor and acted without reference to guiding rules and principals by refusing to appoint Frank and Robert independent co-executors of their father's estate. We thus sustain their second issue.

### Conclusion

Given the preference in Texas to permit a testator to select his or her own executor, coupled with the fact that neither Frank nor Robert acted improperly in substituting themselves in the proceedings in the Tenth Circuit court and are otherwise qualified to serve, we conclude that the trial court erred by failing to appoint Frank and Robert independent co-executors of their father's will, and we sustain their second issue. We reverse the trial court's order denying Frank and Robert's application to be appointed Independent Co-Executors and appointing Goodwin the dependent administrator of Mr. Gay's estate with will annexed, and we remand to the trial court for further proceedings consistent with this opinion.