Reversed and Remanded and Opinion filed March 16, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00699-CV



In re: estate
of frank william gay 



On Appeal from Probate
Court No. 3

Harris County, Texas

Trial Court
Cause No. 378,370



 

OPINION

In this probate case, appellants Frank William Gay,
II and Robert Gay[1]
contend, among other things, that the trial court erred by refusing to appoint
them as the independent co-executors of the estate of their father, Frank
William Gay (“Mr. Gay”), as provided in their father’s will.  We reverse and
remand.

Background

In May 2007, Mr. Gay died.  When he died, a lawsuit
against him and William Lummis filed by Melvin Dummar was on appeal to the United
States Court of Appeals for the Tenth Circuit.  See Dummar v. Lummis,
543 F.3d 614 (10th Cir. 2008).  Frank filed a suggestion of death in the Tenth
Circuit Court of Appeals.[2] 
The clerk responded by issuing an order requiring that either Mr. Gay’s attorneys
or Frank provide the court with valid documentation of Mr. Gay’s death and, if
appropriate, request that Frank be substituted as a party to the appeal.  On
June 15, 2007, the Tenth Circuit clerk again ordered Mr. Gay’s counsel to advise
the court whether Frank or another personal representative should be
substituted as a party to the appeal.  Mr. Gay’s counsel responded by stating 

Frank W. Gay II and Robert C. Gay are the independent
co-executors of the Estate of Frank William Gay (“Estate”) and, as such, are
the “personal representatives” of the Estate contemplated by Rule 43, Federal
Rules of Appellate Procedure. . . .

Mr. Gay’s counsel then moved
to substitute Frank and Robert as appellees in place of Mr. Gay, stating in the
motion,

Mr. Gay, by testamentary designation, has appointed the
co-executors to administer the Estate and the co-executors, are the “personal
representatives” who may seek and are properly substituted under Rule 43.

In June 2007, the Tenth
Circuit Court of Appeals ordered that Frank and Robert were substituted as
appellees, along with the other defendant in the case, Lummis.  In January
2008, Dummar sought to strike the joint brief filed by Mr. Gay’s sons and
Lummis because probate had not been opened in Harris County for Mr. Gay’s
estate.  In the motion, Dummar alleged that a certified copy of a court order
or copies of letters testamentary were necessary to permit the substitution of
Mr. Gay’s sons in the suit.  In its disposition of the case by opinion dated
September 12, 2008, the Tenth Circuit ultimately rejected Dummar’s claim that a
probated estate was necessary, stating

[W]e see nothing improper in the representations of the
Gays to this court in their motion for substitution, so Mr. Dummar’s motions to
strike the joint brief and oral argument of Defendants and for a stay are
DENIED.

Id. at 624.

While the appeal of Dummar’s suit against Lummis and
Mr. Gay was pending, Dummar filed an application for administration of Mr.
Gay’s estate in Harris County on February 22, 2008; specifically, Dummar filed
a Complaint, Motion to Show Cause, and Motion to Set Hearing requesting that Appellants
produce the will.  On May 20, 2008, a hearing was held in Probate Court No. 3. 
The record reflects that only Robert was successfully served.  His counsel appeared
at the hearing and represented that the will would be produced, but stated that
he did not have an original document with him at the hearing.  The trial court
appointed Clifton A. Goodwin, Jr. as dependent administrator for Mr. Gay’s
estate.  Frank and Robert filed the will for probate shortly after this
hearing.  

On June 17, 2008, the trial court held a hearing on Appellants’
application for probate.  The will was admitted to probate without objection. 
In the will, Mr. Gay left his estate entirely to his wife, directly or in
trust.  The will named his wife as the executor of his estate, but if she was
unable or declined to serve, he named his sons Frank and Robert as successor
independent co-executors.  Appellants appeared and testified regarding the
reasons that the will had not been previously submitted to probate and about
the circumstances surrounding the Tenth Circuit case.  They testified that
their mother had declined to serve as executor of Mr. Gay’s estate, and that
they were both willing to serve and were not disqualified.  Frank explained
that he is a resident of Utah and has a graduate degree in Business
Administration from Harvard Business School.  Robert testified that he has a
Ph.D. from Harvard University in Economics and Finance.  

Dummar opposed their application to be named
co-executors, arguing that the statements made to the Tenth Circuit in Appellants’
request to substitute parties constituted a misrepresentation that a formal
probate proceeding had been opened and they actually had been appointed
co-executors.  Dummar alleged that this pleading made them “unsuitable” to
serve as co-executors.  One of Appellants’ attorneys from the Tenth Circuit
proceeding testified regarding the steps she had taken in the appeal when Mr.
Gay died.  She explained that to defend their father’s estate, Appellants
identified themselves as personal representatives by testamentary designation
and allowed themselves to be substituted for Mr. Gay based on the advice of
counsel.

The probate court denied Frank and Robert’s
application to be named co-executors, finding them “unsuitable”:

In 2007, the Applicants held themselves out to be Successor
Independent Co-Executors of the Estate of Decedent or “personal representatives
by testamentary designation” to the United States Court of Appeals for the
Tenth Circuit.  Applicants had not been appointed Successor Independent
Co-Executors of the Estate of Decedent at this Time.

The Court finds that the above statement is a
misrepresentation by Applicants before a federal tribunal.  As such, the Court
finds them unsuitable to be Successor Independent Co-Executors of the Estate of
the Deceased under §78(c) of the Texas Probate Code.

The probate court retained
Goodwin as the dependant administrator of Mr. Gay’s estate, with will annexed. 
This appeal timely ensued.

Issues Presented

            In their second
issue, Appellants contend that the trial court erred by admitting Mr. Gay’s
will to probate but refusing to appoint them as independent co-executors as
provided for in his will.[3] 


Analysis

A.        Standard of
Review

We generally review a trial court’s ruling on a
probate application for an abuse of discretion.  See In re Estate of Gaines,
262 S.W.3d 50, 56 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); see also
In re Estate of Robinson, 140 S.W.3d 801, 807 (Tex. App.—Corpus Christi
2004, pet. dism’d) (reviewing order finding person unsuitable to serve as
executor under an abuse of discretion standard); Olguin v. Jungman, 931
S.W.2d 607, 610 (Tex. App.—San Antonio 1996, no writ) (same).  A trial court
abuses its discretion if it acts in an arbitrary or unreasonable manner without
reference to any guiding rules or principles. See Bowden v. Phillips
Petroleum Co., 247 S.W.3d 690, 696 (Tex. 2008).  The mere fact a
trial judge may decide a matter within his discretionary authority in a
different manner than an appellate judge in a similar circumstance does not
demonstrate an abuse of discretion has occurred. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985).  But a trial court abuses
its discretion when it fails to analyze or apply the law correctly.  See In
re Dep’t of Family & Protective Servs., 273 S.W.3d 637, 642–43 (Tex.
2009) (orig. proceeding).

B.        Applicable
Law

 A testator has long been permitted to select an
independent executor of his choosing.  Boyles v. Gresham, 158 Tex. 158,
161–62, 309 S.W.2d 50, 53 (1958).  Indeed, “[l]etters testamentary or of
administration shall be granted to persons who are qualified to act, in
the following order:  (a) To the person named as executor in the will of the
deceased . . . .”  Tex. Probate Code
Ann. § 77 (Vernon 2003).  However, under section 78 of the Probate Code,
the court may disqualify a person from serving as an executor if the court
finds that person “unsuitable.” Id. § 78(e); see also Gaines, 262
S.W.3d at 56.  The trial court maintains broad discretion in determining
whether an individual is “suitable” to serve as an executor.  Gaines,
262 S.W.3d at 56. 

No comprehensive explanation exists delineating the
attributes that make someone unsuitable.  Id. (citing Boyles, 158
Tex. at 161–63, 309 S.W.2d at 53–54 (“Neither the Model Code nor the Texas
Probate Code purports to define ‘unsuitable,’ and we shall not attempt here to
define it.”)).  However, the majority of cases examining unsuitability under
this section of the Texas Probate Code involve a conflict of interest between
the individual and the estate.  See, e.g., Olguin, 931 S.W.2d at
610 (citing and examining cases regarding suitability of administrator/executor). 
These cases indicate that an individual “asserting a claim against property,
claiming it as their own to the exclusion of the estate, is deemed unsuitable
because of the conflict, whereas an individual making a claim within the
probate process (i.e. person claiming under the will or attempting to collect a
debt from the estate) is not.”  Id.  With this background in mind, we
turn to the facts of this case.

C.        Application

As noted above, the trial court concluded that
Appellants, named successor co-executors in Mr. Gay’s will, were unsuitable to
serve because they misrepresented their status before the Tenth Circuit.  First,
we note that the federal court determined that Appellants did nothing improper
in making the representations they did in their motion for substitution.  Dummar,
543 F.3d at 624.  Appellants stated they were named independent co-executors by
testamentary designation; they did not claim that a probate proceeding had been
opened or that they had received letters testamentary.  We likewise see nothing
improper in their representations to the federal court.  

Further, by stepping into their deceased father’s
shoes, Appellants actually worked to benefit their father’s estate by successfully
defending against Dummar’s appeal.  Cf. Gaines, 262 S.W.3d at 56
(concluding that sufficient evidence supported trial court’s finding of
unsuitability when named executor possibly cost estate money by failing to
probate will for three years, collected and distributed money from the estate
without authority, and considered interest of one beneficiary over interests of
estate); Spies v. Milner, 928 S.W.2d 317, 319 (Tex. App.—Fort Worth
1996, no writ) (determining court did not abuse its discretion in finding
appellant unsuitable as executor when she had difficulty dealing with
professionals, was a difficult and inconsistent witness, admitted taking money
from the decedent’s account while decedent was still alive, and did not get
along with other relatives involved in probate proceeding).  Finally, we note
that both Frank and Robert are well-educated professionals with experience in the
areas of business and finance.  Nothing in our record indicates that any others
involved in the probate proceeding are opposed to their appointment as
independent co-executors of Mr. Gay’s estate; indeed, their mother, who is the
primary beneficiary under the will, declined to serve in their stead.

Under these circumstances, we conclude that the trial
court disregarded the long-standing tradition of permitting a testator to
select his executor and acted without reference to guiding rules and principals
by refusing to appoint Frank and Robert independent co-executors of their
father’s estate.  We thus sustain their second issue.

Conclusion

Given the preference in Texas to permit a testator to
select his or her own executor, coupled with the fact that neither Frank nor
Robert acted improperly in substituting themselves in the proceedings in the
Tenth Circuit court and are otherwise qualified to serve, we conclude that the
trial court erred by failing to appoint Frank and Robert independent
co-executors of their father’s will, and we sustain their second issue.  We
reverse the trial court’s order denying Frank and Robert’s application to be
appointed Independent Co-Executors and appointing Goodwin the dependent
administrator of Mr. Gay’s estate with will annexed, and we remand to the trial
court for further proceedings consistent with this opinion.

 








                                                                                    

                                                                        /s/        Margaret
Garner Mirabal

                                                                                    Justice

 

 

Panel
consists of Justices Anderson and Boyce and Senior Justice Mirabal.*









[1]
We will refer to Frank William Gay, II as “Frank” and Robert Gay as “Robert”
individually where appropriate, and to both of them as “Appellants” where
necessary.





[2]
See Fed. R. App. P.
43(a)(1) (providing for substitution of parties on the death of a party).





[3]
In their first issue, Appellants assert that Dummar lacked standing in the
probate court.  In their third issue, they argue that the trial court erred by
failing to require notice to and refusing to consider any relative of Mr. Gay
as executor of the estate and retaining Goodwin as the dependent administrator
of the estate.  Because of our disposition of issue two, it is not necessary to
reach the merits of issues one and three, and we decline to do so.

 





* Senior Justice Margaret Garner Mirabal
sitting by assignment.