**Opinion issued June 5, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00586-CV

————————————

**MARY ANN ORR AND CHARLOTTE ORR, Appellants**

**V.**

**LUCY ANN WALKER, Appellee**

**On Appeal from the 1A District Court**
**Tyler County, Texas[1]**
**Trial Court Case No. 22612**

**O P I N I O N**

---

[1]    The Texas Supreme Court transferred this appeal from the Court of Appeals for the Ninth District of Texas. Misc. Docket No. 13-9097 (Tex. June 27, 2013); *see also* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005) (authorizing transfer of cases). We are unaware of any conflict between precedent of the Court of Appeals for the Ninth District and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Mary Ann Orr filed an application to probate the will of her grandmother, Fannie Mable Walker. The trial court denied the application. Mary and her sister, Charlotte Orr, filed this notice of appeal. In three issues, they argue (1) the evidence was legally and factually sufficient to establish that Mary was not in default in failing to present Fannie's will for probate, (2) the trial court erred by relying on the testimony of Lucy Ann Walker, and (3) the trial court abused its discretion by denying the motion to consolidate the probate of Fannie's will with another matter.

We affirm.

## Background

Fannie Mable Walker had two children, Marguerite Walker Griffith and Kenneth Wayne Walker. Marguerite had two daughters, Mary Ann Orr and Charlotte Orr, the appellants in this case. Kenneth had a wife, Lucy Ann Walker, the appellee in this case.

Fannie died on March 8, 1992. It is undisputed that she had a will and that the will was never probated. The will designated Kenneth as the executor of her will.

Marguerite died some time in 2006. Marguerite had a will, and Charlotte was named the executor of that will. In carrying out her duties to execute

2

Marguerite's will, Charlotte found Fannie's will in Marguerite's files. Both Charlotte and Mary learned of Fannie's will for the first time in this process.

Some time in 2007, Kenneth asked Charlotte for a copy of Fannie's will. Charlotte sent a copy to him. Kenneth died in July 2009. Kenneth had a will, and Lucy was named the executor of that will.

On July 25, 2012, Mary filed an application to probate Fannie's will. Lucy filed an opposition to the application. A hearing on the matter was held on May 6, 2013. The parties acknowledged that the will had not been probated within four years of Fannie's death. The main dispute at the hearing was whether Mary was in default in failing to present the will for probate. The trial court ultimately denied the application to probate Fannie's will as well as the motion to consolidate the probate of Fannie's will with another matter.

## Application to Probate Will

In their second issue, Mary and Charlotte argue the evidence was legally and factually sufficient to establish that Mary was not in default in failing to present Fannie's will for probate.

### A.   Standard of Review

"The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under

review."[2]  *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).  In performing a legal-sufficiency review, we must credit favorable evidence if reasonable fact finders could credit it and disregard contrary evidence unless reasonable fact finders could not disregard it.  *Id.*  "If the evidence . . . would enable reasonable and fair-minded people to differ in their conclusions, then [fact finders] must be allowed to do so."  *Id.* at 822.  "A reviewing court cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls within this zone of reasonable disagreement."  *Id.*  Although the reviewing court must consider evidence in the light most favorable to the verdict, and indulge every reasonable inference that would support the verdict, if the evidence allows only one inference, neither fact finder nor the reviewing court may disregard the inference. *Id.*

Appellants attacking the legal sufficiency of an adverse finding on an issue on which they had the burden of proof must demonstrate that the evidence conclusively establishes all vital facts in support of the issue.  *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).  The appellants must show that there is

[2]  Mary and Charlotte argue that the standard of review for their legal and factual sufficiency challenges should be the same as the standard of review for challenges of administrative rulings.  They provide no explanation for why this standard of review should apply.  Because there is no administrative ruling in this case, we do not apply the standard of review applying to such rulings.

no evidence to support the fact finder's finding and that the evidence conclusively establishes the opposite of the finding. *See id.*

To determine whether the evidence is factually sufficient to support a finding, an appellate court considers and weighs all evidence that was before the trial court. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). "When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). As the reviewing court, we may not act as fact finder and may not pass judgment on the credibility of witnesses or substitute our judgment for that of the trier of fact. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

**B.    Analysis**

Former section 73 of the Texas Probate Code provided that "[n]o will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid." Act of March 16, 1955, 54th Leg., R.S., ch. 55, sec. 73 1955 Tex. Gen. Laws 88, 112 (amended 1971) *repealed by* Act of May 26, 2009, 81st Leg., R.S., ch. 680,

§ 10, 2009 Tex. Gen. Laws 1512, 1731.[3]  Fannie's will was not probated within four years of her death.  Accordingly, Mary bore the burden to establish that she was not in default in failing to present Fannie's will for probate within four years of Fannie's death.  *See id.*

"As used in this statute, 'default' means 'failure to probate a will due to the absence of reasonable diligence on the part of the party offering the instrument.'" *In re Estate of Cornes*, 175 S.W.3d 491, 495 (Tex. App.—Beaumont 2005, no pet.) (quoting *Schindler v. Schindler,* 119 S.W.3d 923, 929 (Tex. App.—Dallas 2003, pet. denied)).  Lucy argued at trial that Marguerite defaulted in failing to present Fannie's will for probate and that Marguerite's default should be imputed to Mary and Charlotte.  There is a split between the courts of appeals about whether any default by an heir to the will passes on to the heir's descendants or legatees. *Compare Schindler*, 119 S.W.3d at 929 (holding "such default would bar his or her descendants or legatees from any right to have such will probated") *with In re Estate of Campbell*, 343 S.W.3d 899, 903, 905–08 (Tex. App.—Amarillo 2011, no pet.) (holding default of another does not preclude non-defaulting applicant from offering a will for probate).  Neither this Court nor the Beaumont Court of Appeals has ruled on this issue.  Nor do we need to rule on this issue because we hold there

---

[3]  The corollary to this provision in the new Texas Estates Code is section 256.003. *See* TEX. EST. & G'SHIP CODE ANN. § 256.003(a) (Vernon Supp. 2013).

is sufficient evidence in the record to establish that Mary and Charlotte defaulted by their own inaction.

Both Mary and Charlotte testified that they first learned of Fannie's will when their mother, Marguerite, passed away. Marguerite passed away in 2006. Mary and Charlotte also testified that Kenneth asked for a copy of the will in November 2007. Even the most generous interpretation of the evidence in favor of Mary and Charlotte establishes that Mary did not file the application to probate Fannie's will until nearly five years after they were aware of the will and sent a copy to Kenneth.

One purpose of former section 73 was "to impose a reasonable limit on the time in which the property of a person dying testate should be distributed among [her] legatees, after payment of . . . her debts." *Campbell*, 343 S.W.3d at 902–03. Even assuming the default of an heir under a will cannot be imputed to the heir's descendants, it would defeat the purpose of former section 73 to impose a four-year deadline on those who knew about or reasonably could have discovered the will but to impose no deadline whatsoever on those who discovered the will after the four-year deadline. In other words, even assuming that any default of Marguerite for defaulting on the original four-year deadline to file an application to probate Fannie's will cannot be imputed to Mary and Charlotte, in order to maintain the status of non-defaulting, Mary and Charlotte had to take reasonable

actions to timely file the application after the date of discovery. *See id.* (upholding granting of application to probate will when applicant was non-defaulting and offered will within seven months of discovery). By waiting at least nearly five years after the discovery of Fannie's will before filing the application to probate the will, Mary and Charlotte lost any status that they may have had as non-defaulting.

In their brief on appeal, Mary and Charlotte suggest that their time to file the application did not begin to run until after Kenneth's death in 2009 because Kenneth was named as the executor in Fannie's will. We disagree. "An executor named in a will *or any interested person* may make application to the court of a proper county for an order admitting a will to probate." Act of March 16, 1955, 54th Leg., R.S., ch. 55, sec. 76 1955 Tex. Gen. Laws 88, 112–13 *repealed by* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 10, 2009 Tex. Gen. Laws 1512, 1731 (formerly TEX. PROB. CODE ANN. § 76) (emphasis added). Mary and Charlotte's mother, Marguerite, was awarded property under Fannie's will. When she passed away in 2006, Marguerite's interest in Fannie's will passed to Mary and Charlotte pursuant to Marguerite's will. Accordingly, Mary and Charlotte were interested persons in 2006 and could have filed the application to probate Fannie's will at that point. Instead, they waited at least nearly five years.

We hold the evidence is legally and factually sufficient to support the trial court's denial of Mary's application to probate Fannie's will. We overrule Mary and Charlotte's second issue.

Mary and Charlotte's argue in their first issue that the trial court could not rely on Lucy's testimony in reaching its decision. Because none of our analysis of Mary and Charlotte's second issue relies on evidence that came exclusively from Lucy, we do not need to reach this issue. *See* TEX. R. APP. P. 47.1 (requiring appellate courts to address every issue raised and *necessary* to final disposition of the appeal).

Their third issue complains of the trial court's denial of a motion to consolidate the probate of Fannie's will with another matter. Because we have upheld the trial court's denial of the application to probate Fannie's will, there can be no error in the trial court's denial of the motion to consolidate. Accordingly, we overrule Mary and Charlotte's third issue.

**Conclusion**

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

9