# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00081-CV

**Michael Joseph Castillo and Orlando Castillo, Appellants**

**v.**

**Melissa Castillo-Wall, Appellee**

### FROM THE COUNTY COURT AT LAW OF BURNET COUNTY
### NO. P11088, THE HONORABLE LINDA M. BAYLESS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In a proceeding styled "Estate of Roel Castillo, Deceased," Melissa Castillo filed an application in the County Court at Law of Burnet County seeking to have the will of her late husband, Roel Castillo, admitted to probate as a muniment of title more than four years after his death. Roel's two sons by a previous marriage, Michael Joseph Castillo and Orlando Castillo, objected to the application. After an evidentiary hearing, the trial court ruled that Melissa was not in default under the relevant statute and ordered the will admitted to probate as a muniment of title. Michael and Orlando perfected this appeal. We will affirm.

### Factual and Procedural Background

Roel Castillo died tragically in an automobile accident in 2009 at the age of 42. Roel had executed a will in 1994 in which he left his entire estate to his wife Melissa. Roel and

Melissa had two children together; in addition, Roel had two children by a previous marriage, Michael and Orlando.

After Roel's death, Melissa consulted an attorney regarding the settlement of her husband's estate. The attorney advised her that she did not need to present Roel's will for probate because there were very few assets, all of which passed to her under the will.

At the time of his death, Roel owned two parcels of real estate, one in Travis County and another in Burnet County on which his and Melissa's home was located. In November 2020, Melissa attempted to sell the Travis County property. In the process of selling the property, Melissa discovered that Roel's will needed to be probated. Melissa then filed an application to probate Roel's will as a muniment of title so that the sale of the Travis County property could be completed. Michael and Orlando objected on the basis that Melissa was in default under section 256.003 of the Texas Estates Code, which essentially provides a four-year statute of limitations for presenting a will for probate after the testator's death. *See* Tex. Est. Code § 256.003(a).

At the hearing to consider Michael and Orlando's objection, Melissa testified that she had relied on the advice of her attorney that Roel's will did not need to be probated. She testified she did not know the will needed to be probated until she sought to sell the Travis County property and that as soon as she learned it needed to be probated she immediately took steps to have it probated.

Melissa also testified that in May 2015 she had filed a homestead application with the Burnet County Appraisal District for the tract on which their home was located at 320 Cee Run, Bertram, Texas. Following that application, Melissa received periodic notices from the Burnet County Appraisal District addressed to "The Estate of Roel Castillo." Melissa testified

2

that she had received other mail addressed to The Estate of Roel Castillo and did not consider it odd when she received such mail from the appraisal district. Michael and Orlando did not present witnesses at the hearing.

Following this hearing, the trial court issued an order ruling that "although it has been more than four years since Decedent died, Applicant is not in default in failing to present the Will for probate within four years of Decedent's death." The court ordered "that such Will be and is hereby admitted to probate as a Muniment of Title only." Michael and Orlando perfected this appeal.

## Discussion

The Texas Estates Code provides what amounts to a four-year statute of limitations for filing a will for probate after the testator's death:

> [A] will may not be admitted to probate after the fourth anniversary of the testator's death unless it is shown by proof that the applicant for the probate of the will was not in default in failing to present the will for probate on or before the fourth anniversary of the testator's death.

Tex. Est. Code § 256.003(a). Texas courts have held that under this statute "'default' means 'failure to probate a will due to the absence of reasonable diligence on the part of the party offering the instrument.'" *Orr v. Walker*, 438 S.W.3d 766, 768 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (quoting *In re Estate of Cornes*, 175 S.W.3d 491, 495 (Tex. App.—Beaumont 2005, no pet.)). In general, a trial court's ruling on a probate application is reviewed under an abuse-of-discretion standard. *In re Estate of Gaines*, 262 S.W.3d 50, 55 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *accord In re Estate of Maupin*, No. 13-17-00555-CV, 2019 WL 3331463, at *1 (Tex. App.—Corpus Christi-Edinburg July 25, 2019, pet. denied) (mem. op.).

3

However, whether a proponent of a will is in default for not presenting the will within four years of the testator's death is ordinarily a fact question for the trial court. *In re Estate of Jackson*, No. 14-16-00519-CV, 2017 WL 3611920, at *2 (Tex. App.—Houston [14th Dist.] Aug. 22, 2017, no pet.) (mem. op.); *accord Chovanec v. Chovanec*, 881 S.W.2d 135, 137 (Tex. App.—Houston [1st Dist.] 1994, no writ); *Owens v. Felty*, 227 S.W.2d 379, 380 (Tex. App.—Eastland 1950, writ ref'd).

Here, the trial court's order expressly found as a fact that "Applicant is not in default in failing to present the Will for probate within four years of Decedent's death." Accordingly, Michael and Orlando, as appellants, have the burden to show that the record contains no evidence to support this finding. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 215 (Tex. 2011) (appellant attacking legal sufficiency of evidence supporting adverse finding on issue for which it did not have burden of proof must show that no evidence supports adverse finding).

As this Court has held, "Texas case law is quite liberal in permitting a will to be offered as a muniment of title after the four-year limitation period has expired." *Ramirez v. Galvan*, No. 03-17-00101-CV, 2018 WL 454733, at *2 (Tex. App.—Austin Jan. 10, 2018, no pet.) (mem. op.); *see also In re Estate of Jackson*, 2017 WL 3611920, at *3. Texas courts have held that reliance on the advice of an attorney that probate proceedings are unnecessary is enough to support a ruling that the applicant was not in default under section 356.003. *See, e.g.*, *In re Estate of Allen*, 407 S.W.3d 335, 341 (Tex. App.—Eastland 2013, no pet.). Indeed, Texas appellate courts have held that mere unawareness of the necessity to admit the will to probate will support a finding that the applicant is not in default. *See In re Estate of Simo*, No. 13-16-

4

00211-CV, 2017 WL 4837767, at \*3 (Tex. App.—Corpus Christi-Edinburg, Oct. 26, 2017, no pet.) (mem. op.); *Ramirez*, 2018 WL 454733, at \*2; *In re Estate of Allen*, 407 S.W.3d at 341.

Michael and Orlando concede that advice by an attorney that presenting a will for probate is unnecessary will often be sufficient to overcome the four-year statutory deadline. Their argument that Melissa was nonetheless in default under the statute centers on two circumstances: first, that starting in May 2015 Melissa began receiving periodic notices from the Burnet County Appraisal District regarding the Burnet County property that were addressed to "The Estate of Roel Castillo"; and second, that the trial court issued Finding of Fact No. 21, which stated that

> Melissa filed a Homestead Exemption in Burnet County on May 18, 2015, after which she has received at least two accountings per year from the Burnet County Appraisal District showing the property owner as "The Estate of Roel Castillo", and therefore, was on notice that she did not own the Burnet County property outright.

With respect to the first circumstance, Michael and Orlando take the position that even if Melissa's attorney's earlier incorrect advice protected her temporarily from being in default under section 256.003(a), the notices she received from the appraisal district addressed to "The Estate of Roel Castillo" constituted "red flags" that should have put her on notice of the need to probate the will, thereby starting the four-year statutory limitations clock ticking. They assert that the four-year limitations period thus expired in May 2019, before she filed her application to probate the will. We disagree.

None of the notices that Melissa received from the Burnet County Appraisal District are in the record. Nor was there any testimony at the hearing regarding the contents of the notices. The only testimony at the hearing pertaining to the notices at all was Melissa's

response to a question from Michael and Orlando's attorney about *the address* to which the notices were sent: "Did you ever – did you ever notice that the mail that was received after May of 2015 was addressed to The Estate of Roel Castillo?" To this question Melissa responded that she had received other mail addressed to The Estate of Roel Castillo and did not consider it odd when she received such mail from the appraisal district.

Evidence of a clear connection between the address to which the notices were sent and the record ownership of the Burnet County property might have been probative of a need for Melissa to investigate whether her late husband's will should be probated. But no such evidentiary connection was made. The notices and their contents are not in the record, and a document that is in the record appears to show an *absence* of such a connection. On the day of the trial court hearing Michael and Orlando submitted to the court a sworn copy of "a printout as of November 30, 2020, of the true and exact public record view maintained by the Burnet County Appraisal District for the property located at 320 Cee Run, Bertram, Texas." The section of that document titled "Owner" recites the following:

| | |
|---|---|
| Name: | Castillo Melissa |
| Mailing Address: | Estate of Roel Castillo<br>320 Cee Run<br>Bertram, Texas 78605 |

In this same document, under a section labeled "Taxing Jurisdiction," the following is stated:

| | |
|---|---|
| Owner: | Castillo Melissa |
| % Ownership: | 100.0000000000% |

Although this "printout" was not submitted to the trial court until after the conclusion of the hearing, Rule 270 of the Rules of Civil Procedure allows the court to receive additional evidence "at any time" if necessary to the interests of justice. *See* Tex. R. Civ. P. 270. Pertaining to Rule 270, it has been held that "[t]he language of the rule does not require a motion by a party, nor have we discovered authority preventing a trial court from reopening the evidence sua sponte. Rather, the courts addressing this issue have held that the trial court may reopen the evidence on its own motion." *Holden v. Holden*, 456 S.W.3d 642, 650 (Tex. App.—Tyler 2015, no pet.). Moreover, because the trial court's final order recited that it had "heard the evidence and . . . reviewed the Will, *and other documents filed herein*" (emphasis added), we presume from this "affirmative indication" that the court had in fact considered the post-hearing printout in making its decision. *Cf. B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 261 (Tex. 2020) ("[L]eave of court [to file a late-filed response] is presumed when a summary judgment states that all pleadings were considered . . . .").

An appellate court reviews the trial court's decisions based on the evidence in the record before the court at the time it acted. *Holden*, 456 S.W.3d at 649. The printout, which appears to reflect the official record of the Burnet County Appraisal District, is evidence that the "mailing address" maintained by the district did not in fact indicate the identity of the record owner of the property and, further, that the record owner of the Burnet County property was Melissa Castillo. There is no evidence to the contrary. Accordingly, Melissa's receipt of periodic notices from the Burnet County Appraisal District not only fails to advance Michael and Orlando's argument, it actually weighs in favor of the trial court's finding that she was not in default.

The second circumstance on which Michael and Orlando rely is the trial court's Finding of Fact No. 21. They argue that this finding is conclusive that Melissa was "on notice that she did not own the Burnet County property outright." Again, we disagree.

Melissa does not expressly challenge Finding of Fact No. 21. Under well-established Texas law, however, an unchallenged finding of fact is binding on the appellate court only when the finding is supported by some evidence: "When the trial court issues findings of fact . . . we defer to those unchallenged findings *that are supported by some evidence*." *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018) (emphasis added); *accord Tenaska Energy, Inc. v. Ponderosa Pine Energy*, *LLC*, 437 S.W.3d 518, 523 (Tex. 2014); *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696–97 (Tex. 1986).

Here, Finding of Fact No. 21 included a foundational declaration that the notices Melissa received from the Burnet County Appraisal District "show[ed] the property owner as 'The Estate of Roel Castillo.'" As discussed above, however, the record is devoid of evidence that the notices showed the property owner to be the Estate of Roel Castillo. Not only are the notices themselves not in the record, other record evidence affirmatively indicates that Melissa was the owner of the Burnet County tract. The final phrase of Finding of Fact No. 21—that the notices put Melissa "on notice that she did not own the Burnet County property outright"—is wholly dependent on the earlier part of the finding stating that the notices "show[ed] the property owner as The Estate of Roel Castillo." Because we have held that the record contains no evidence to support this earlier part of the finding regarding the identity of the property owner, the latter part of the finding likewise lacks evidentiary support. We hold that Finding of Fact No. 21 is supported by no more than a scintilla of evidence and therefore is not binding on this Court. Accordingly, the second circumstance on which Michael and Orlando rely, like

8

the first, does not undermine the trial court's fact finding that Melissa was not in default under section 256.003(a).

We hold that the trial court's order ruling that Melissa was not in default of the statutory deadline and admitting the will to probate as a muniment of title is supported by Melissa's testimony that her attorney advised her it was unnecessary to probate the will, by her testimony that she did not know it was necessary to probate the will, and by Burnet County Appraisal District records appearing to show Melissa as the "owner" of the Burnet County property. Accordingly, the trial court did not err in its finding that Melissa was not in default, nor did it abuse its discretion in admitting the will to probate.

## Conclusion

Having overruled Michael and Orlando's appellate issues, we affirm the trial court's order admitting the will to probate as a muniment of title.

_____

J. Woodfin Jones

Before Justices Goodwin, Smith, and Jones*

Affirmed

Filed: May 6, 2022

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).